CHESTNUT et al. v. WELLS.   (No. 11526.)*

(Court of Civil Appeals of Texas. Fort Worth. Nov. 14, 1925. Rehearing Denied . Dec. 19, 1925.)

1. **Schools and school districts** ⬅38—That presiding officer at special election for consolidation of districts was trustee of one district held not to invalidate election.

Rev. St. 1911, arts. 2922, 3081, prohibiting one holding office of trust to act as supervisor of an election, does not govern a special election under Vernon's Ann. Civ. St. Supp. 1922, art. 2817¼ (Rev. St. 1925, art. 2806), for consolidation of school districts, and, as special statutes are silent as to method of selecting election officers, fact that presiding officer of election was holding an office of trust, being trustee of one district, did not invalidate election.

2. **Schools and school districts** ⬅38—Ballots not invalidated by failure of presiding officer to indorse his name on back.

Failure of presiding officer of election, under Vernon's Ann. Civ. St. Supp. 1922, art. 2817¼ (Rev. St. 1925, art. 2806), for consolidation of districts, to indorse his name on back of ballots did not invalidate such ballots.

Appeal from District Court, Clay County; Vincent Stine, Judge.

Suit to contest election by T. J. Wells against J. C. Chestnut and others. From a judgment declaring the election null and void, defendants appeal. Reversed and rendered.

J. P. Williams, of Wichita Falls, and W. G. Eustis, of Henrietta, for appellants.

Wantland & Glasgow, of Henrietta, for appellee.

DUNKLIN, J.   Under and by virtue of the provisions of article 2817¼, Rev. Statutes 1922 Supp. (article 2806, Rev. St. 1925), the county judge of Clay county ordered an election to be held on the same day in each of three common school districts situated in that county, designated as common school districts Nos. 36, 72, and 79, for the purpose of determining whether or not those districts should be consolidated for school purposes. The order so made was upon a petition of the required number of legally qualified voters of each of those districts, and was in all respects regular. In the election held in district No. 36 on the day fixed a total of 93 votes were cast, 60 of which were in favor of the consolidation of the districts, and 33 against it. The returns of that election were canvassed by the commissioners' court of Clay county, and an order was made consolidating that district with the other two districts.

This suit was instituted in the district court of Clay county by T. J. Wells, a resident taxpaying voter in said school district No. 36, to contest the election so held in that district, and, after a hearing thereof, the court sustained the contest, and declared the election so held in district No. 36 null and void.

The county judge and others members of the commissioners' court and the county attorney of Clay county were all made defendants in the suit, and they have prosecuted this appeal from the judgment rendered.

At the election so held T. B. Currington acted as sole presiding officer. At the time he so acted he was holding an office of trust under the laws of the state of Texas, to wit, being a trustee for said school district No. 36. Currington appointed J. I. Hellen and A. H. Beck as clerks to assist in holding the election, and those persons so appointed performed the duties, required by the Terrell Election Law, of such clerks holding an election, but performed no other duties. T. B. Currington indorsed on the back of the ballots the initials of his name, "T. B. C.," but did not write down his name in full. None of the voters who participated in the election made any objection to Currington's acting as presiding officer, and there was no fraud or unfairness on the part of Currington or the clerks so appointed by him in the holding of said election.

Article 2922, title 49, Revised Statutes, reads in part as follows:

"No one who holds an office of profit or trust under the United States or this state, or in any city or town in this state * * * shall act as judge, clerk or supervisor of any election. * * *".

Article 3081, title 49, reads:

"The provisions of this title shall apply to all elections held in this state, except as otherwise herein provided."

The facts above stated were alleged in the contestant's petition, and his contest was based upon two contentions: First, that, by reason of the quoted provisions of the two articles above noted, Currington was not only disqualified but prohibited from acting

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction February 17, 1926.

as the presiding officer of said election, and by reason of that prohibition his appointment of the clerks of the election and all acts done by him and them in holding the election were null and void; second, that the ballots cast could not be legally counted because they were not indorsed with the name of Currington on the back.

[1, 2] The statutes above referred to are articles of what is commonly known as the Terrell Election Law, which is a general law, while the election in controversy in this case was what may be termed a special election held under special laws, which special statutes are silent as to the method of selecting election officers and as to the manner of holding such elections. In Wallis v. Williams, 101 Tex. 395, 108 S. W. 153, our Supreme Court, through Chief Justice Gaines, held that the Terrell Election Law did not control and govern in an election to determine the location of a county seat. We are unable to perceive why the same conclusion would not follow relative to the special election in controversy in this suit, and this court has so held in the companion case to this one, entitled J. P. Williams v. Roy Hammond, 278 S. W. 304, this day decided, as shown in the opinion by Associate Justice Buck, citing other authorities to the same effect as Wallis v. Williams, supra. Other authorities are cited in the same opinion which hold in effect that the failure of the presiding officer to indorse his name upon the back of the ballots does not invalidate such ballots. See, also, Hill v. Smithville Independent School District (Tex. Civ. App.) 239 S. W. 987.

Accordingly, the judgment from which this appeal was prosecuted is reversed and judgment is here rendered denying the contest and validating the act of the commissioners' court in consolidating school district No. 36 with the other districts mentioned for school purposes. All costs of suit incurred in the trial court and in this court will be taxed against the appellee.