

# THE ATTORNEY GENERAL
## OF TEXAS

March 30, 1939

Gerald C. Mann

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Ben J. Dean
District Attorney
Breckenridge, Texas

Opinion No.0-513
Re: Elibigility of County
School Trustee to serve
as Election Judge or
Clerk in Independant
School Trustee Election

Dear Sir:

This department is in receipt of your letter of March 14, 1939, requesting an opinion upon the following question:

"Inasmuch as under the provisions of Article 2758 the election of school trustees of an independent school district organized under that portion of the School Law is designated for the first Saturday in April, is it your opinion that a man who was holding the office of county school trustee under Article 2676 would be prohibited from acting as a judge or clerk of an election for school trustee of an independent school district?

"Is an election held under the provisions of Article 2758 R.S. a general election or a special election?"

You call attention to the following statutes:

Article 2687 R.C.S. 1925 provides that county school trustee "shall be paid $3.00 per day, but not to exceed $36.00 in one year". They are elected under Article 2676 and have numerous duties to perform as provided by the various statutes pertaining to public schools.

Article 2758, R.C.S. 1925, pertains to the election of school trustees in independent school districts created

Honorable Ben J. Dean, March 30, 1939, Page 2

follows:

"Any common school district containing seven hundred inhabitants or more may form an incorporation for free school purposes only, which may or may not include within its bounds any town or village incorporated for municipal purposes, the same not having assumed control of the public free schools within its limits. The territory so incorporated shall hereinafter be called an "Independent school district" and said incorporation shall be laid out in a square as near as may be practicable with reference to the location of a school building."

Article 2758 contains the following provision:

"Each of the seven trustees who were elected at such incorporation election shall hold office until the next regular trustee election to be held on the first Saturday in April next succeeding and until their respective successors have been duly elected and qualified, at which time seven trustees shall be elected for said independent school district, whose respective terms of office shall be determined in the following manner and by the following method: Such trustees shall draw by lot, and those trustees drawing the numbers 1, 2, 3 and 4 shall serve one year for the term of office ending with the next regular trustee election on the first Saturday in April of the following year and until their respective successors have been duly elected and qualified. And those trustees drawing the numbers 5, 6 and 7 shall serve for two years for the term of office ending with the next regular trustee election on the first Saturday in April of the second year following their election."

Article 2940, R.C.S. 1925, under Title 50, Elections, contains the following provision:

"No one who holds an office of profit or trust under the United States or this State, or in any city or town in this State or within thirty days after resigning or being dismissed from any such office, except a notary public, or who is a candidate for office, or

"No one who holds an office of profit
or trust under the United States or this
State, or in any city or town in this State
or within thirty days after resigning or
being dismissed from any such office, ex-
cept a notary public, or who is a candidate
for office, or who has not paid his poll
tax, shall act as judge, clerk or supervisor
of an election. . . ."

You also call attention to Chestnut vs. Wells, 280
S.W. 351, and 278 S.W. 465, as holding that Article 2940 does
not apply to a special school tax election, but applies only
to general or primary elections.

Chestnut vs. Wells (T.C.A. Ft.Worth, 1926) 280 S.W.
351, involved a school tax election contest in a common school
district on the ground that an election official was a school
trustee.

Chestnut vs. Wells (T.C.A. Ft.Worth, 1926) 278 S.W.
465, was a contest of an election to determine whether school
districts should consolidate. Two grounds were presented in
this case, i.e., an election official was a trustee of one
of the districts and the election judge failed to write his
name on the outside of the ballot.

In each of these cases the ground of contest was
one provided only under the general law. The court, relying
on the holding and language of Chief Justice Gaines in Wallis vs.
Williams, 108 S.W. 153, held that the elections in question were
purely special and the provisions of the Terrell Election Law
were not applicable. The specific holding in Wallis vs. Wil-
liams was that the general law providing for the printing of
ballots did not apply to a special election to locate a county
seat since the general election laws were not applicable,

In Scherz vs. Telfer (T.C.A. Austin, 1934) 74 S.W.
(2d) 327, the court held that the general law providing for
the signature of the election judge on the ballot was applica-
ble to common school trustee elections since the general law
would apply to all matters not covered by Articles 2745, 2746
and 2746a.

We are of the opinion that the reasoning of the court
in the foregoing case is equally applicable to elections held
under Article 2758, and that it properly distinguishes the
cases in the light of Wallis vs. Williams. The court in Scherz
vs. Telfer states:

Honorable Ben J. Dean, March 30, 1939, Page 4

Such elections as above enumerated are clearly local in character, of infrequent occurrence, apply only to a given locality, are usually final, the matters voted upon disposed of at a single election, and are not recurring in character. * * * We think the election of common school trustees does not constitute a special election dealt with in the above decisions. Such election is not confined to any given locality, nor to any given individual, nor to any limited class of individuals. On the contrary, articles 2745, 2746 and 2746a relate to all common school districts throughout the state, and to the election of the trustees thereof, provide for such election each year throughout the state, and are therefore essentially general in their application. It is now settled that a school trustee is a county officer, required to take the constitutional oath, and that a contest of his election is referable to the general law."

We are of the opinion that a man holding the office of county school trustee under Article 2676 would be prohibited under Article 2940 from acting as a judge or clerk of an election for school trustee of an independent school district held under Article 2758.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:FG

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL