

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Walker Carson
County Attorney
Hudspeth County
Sierra Blanca, Texas

Dear Sir:

Opinion No. O-2025
Re: Is a man who was elected County Chairman of the Democratic Executive Committee disqualified from acting in such capacity by virtue of being a trustee of a common school district of the county?

We have carefully considered your letter of recent date, requesting the opinion of this department touching the above stated question.

Article 2940, Vernon's Annotated Civil Statutes, (as amended Acts 1939, 46th Leg., p. 295), as pertinent to your inquiry, reads:

"* * * *; nor shall any one act as chairman or as member of any District, County or City Executive Committee of a political party who has not paid his Poll Tax, or who is a candidate for office, or who holds any office of profit or trust under either the United States or this State, or in any city or town in this State; * * * " (Emphasis ours).

This statute is clear in its prohibitions and it remains only to ascertain whether the office of trustee of a common school district is included therein.

In construing Article 2922, Title 49, Revised Statutes (now Article 2940, supra), in the following particulars:

"No one who holds an office of profit or trust under the United States or this State,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

or in any city or town in this State, * * *.
shall act as judge, clerk or supervisor of any
election; * * * "

the Court in the case of CHESTNUT v. WELLS, 278 S.W. 465,
recognized the office of trustee of a common school dis-
trict to be "an office of trust" under such statute, the
opinion reading at p. 466:

"At the time he so acted, he was holding
an office of trust under the laws of the state
of Texas, to-wit, being a trustee for said
school district No. 36 * * * "

In our opinion, there can be no doubt concern-
ing the correctness of the proposition that the office
of trustee of a common school district is an office of
trust within the purview of Article 2940, supra; there-
fore, one holding such office is disqualified from act-
ing as County Chairman of the Democratic Executive
Committee.

Accordingly, you are respectfully advised that
it is the opinion of this department that your question
should be answered in the affirmative; namely, that a
man, although elected county chairman of the Democratic
Executive Committee of Hudspeth County, Texas, is dis-
qualfied from acting in such capacity by virtue of his
being the holder of the office of trustee of a common
school district.

Trusting that we have adequately answered your
inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:ob

APPROVED MAR 12, 1940

ATTORNEY GENERAL OF TEXAS