## TURNER v. TELLER.  (No. 7412.)

(Court of Civil Appeals of Texas. San Antonio. June 12, 1925. Rehearing Denied July 1, 1925.)

**1. Elections ⬅⟶10—Election statutes strictly enforced to prevent fraud, but liberally construed to effectuate will of voters.**

The statutory enactments relating to elections will be strictly enforced to prevent fraud, but liberally construed to ascertain and effectuate will of voters.

**2. Elections ⬅⟶177—Requirement that presiding judge shall write signature on ballot mandatory.**

The requirement of Rev. St. arts. 3001, 3005, 3011, that presiding judges shall write their signatures on ballots to be voted is mandatory, but only so because statute expressly provides that ballots not so indorsed shall not be counted.

**3. Elections ⬅⟶177—Only substantial compliance with requirement that presiding judge shall write name on ballot required.**

Requirement of Rev. St. arts. 3001, 3005, 3011, that presiding judges shall write their signatures on ballots to be voted will be strictly enforced to extent of invalidating every ballot not indorsed with personal signature of judge, but liberally construed in ascertaining if requirement has been complied with, and hence substantial compliance is all that is required.

**4. Elections ⬅⟶177—Writing of initials by presiding judge on ballot held substantial compliance with requirement that he write his "signature."**

The writing by presiding judge, of his initials only, on ballots to be voted *held* a substantial compliance with Rev. St. arts. 3001, 3005, 3011, requiring him to write his "signature."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sign— Signature.]

Appeal from District Court, Willacy County; W. B. Hopkins, Judge.

Election contest by Joe Turner against R. H. Teller. Judgment declaring defendant's election, and plaintiff appeals. Affirmed.

B. D. Tarlton, of Corpus Christi, J. P. Cogdell, of Raymondville, and Bill Sutherland, of Corpus Christi, for appellant.

D. E. Decker, of Raymondville, and Graham, Jones, Williams & Ransome, of Brownsville, for appellee.

SMITH, J. Appellant, Joe Turner, and appellee, R. H. Teller, were candidates for sheriff of Willacy county at the general election in 1924. The commissioners' court canvassed the returns, found that Turner had received 257 and Teller 296 votes, and declared the latter's election. Turner filed a contest in the district court, which rendered judgment declaring Teller's election. Turner has appealed.

It is provided in our election statutes (article 3001) that, when a voter presents himself at the polls to vote, and the election judges are satisfied as to his right to vote, the judge shall "deliver to him one official ballot on the blank side of which the presiding judge shall have previously written his signature," whereupon the voter may prepare the ballot for voting it.

It is then provided (article 3005) that, when the voter has thus prepared his ballot, "he shall fold the same so as to conceal the printing thereon, and so as to expose the signature of the presiding judge on the blank side, which shall always be indorsed by the judge before the ballot is delivered," and the voter shall then cast the ballot.

And in this connection it is further provided (article 3011) that—

"The counting judges and clerks shall familiarize themselves with the signature of the judge who writes his name on each ballot that is voted, and shall count no ballots that do not bear his signature * * * or if, on examination by the judges, such signature is found to be a forgery."

So it will be seen from the three articles, considered together, that in order to be counted each ballot voted shall bear the "signature" of the presiding judge before it is issued to the voter for marking, and that, if not so indorsed, it shall not be counted. The statutes quoted do not require, as appellant contends, that the presiding judge's "name" shall be indorsed on the ballot. The requirement in article 3011, upon which appellant bases this contention, that the election officers shall familiarize themselves with the signature of the judge "who writes his name" on the ballots is deemed but descriptive of that official, and not as a mandatory definition of that official's duty. It is not used for the purpose of modifying or legislatively construing the meaning of the word "signature" used in the three articles in defining the nature of the official act, but is used for the purpose of identifying the official upon whom rests the duty of performing that act. This is made obvious by the context of the three provisions, which must be construed together.

Thus the simple requirement of the statute is that the presiding judge shall write his "signature" upon the ballot. The requirement is not merely directory, but is mandatory, as appellee concedes.

In this case a large majority of the ballots were indorsed merely with the three initials, and not by the full names, of the presiding judges. For instance, F. A. Whitbeck was the presiding judge in a given precinct. He did not indorse any of the ballots

cast in that box with the full name, "F. A. Whitbeck"; he indorsed all of them with his initials only, "F. A. W." The ballots were nevertheless counted by the precinct officials, the commissioners' court, and the district court. If they had been disregarded and not counted, then appellant would have gotten a majority of the votes counted. So the controlling question in the case is, Should those ballots, indorsed with the initials only, and not with the full name, of the presiding judge, have been given effect as legal ballots? The question is here presented for the first time in this state.

[1] This and similar requirements in our statutes were enacted in order to prevent fraud. It is the duty of the courts, of course, to strictly enforce these provisions in every case to the point of rendering it certain that the purpose in view has been accomplished; but beyond that point those provisions should be liberally construed for the higher purpose of ascertaining and giving effect to the will of the electorate when expressed in good faith and in substantial compliance with the mandatory legislative requirements. In other words, the statutory enactments will be strictly enforced to prevent fraud, but liberally construed in order to ascertain and effectuate the will of the voters.

[2] The requirement that the presiding judges shall write their signatures upon the ballots to be voted is mandatory, but it is made so only because it is expressly provided in the same statute that ballots not so indorsed shall not be counted. McCrary, Elec. §§ 226, 227; State v. Connor, 86 Tex. 133, 23 S. W. 1103; Gray v. State, 92 Tex. 396, 49 S. W. 217; Arnold v. Anderson, 41 Tex. Civ. App. 508, 93 S. W. 692; Ex parte Anderson (Tex. Cr. App.) 102 S. W. 727; Griffin v. Tucker, 51 Tex. Civ. App. 522, 119 S. W. 338; Shipman v. Jones (Tex. Civ. App.) 199 S. W. 329; Johnston v. Peters (Tex. Civ. App.) 260 S. W. 916.

[3] This requirement will therefore be strictly enforced to the extent of invalidating every ballot which does not appear to have been indorsed with the personal signature of the presiding judge. But, for the purpose of ascertaining if the requirement has in fact been complied with, it will be liberally construed, and therefore a substantial compliance is all that is necessary to give effect to ballots cast in good faith, so far as this provision affects their validity.

[4] The case here, then, turns finally upon the one question, Was the writing of his initials only upon the ballots a substantial compliance with the requirement that the presiding judge shall "write his signature" upon the ballots? It is conceded that the judges in this case did in fact write their three initials upon all the ballots counted, and there is no question of the identity of the ballots, or of their validity in any other respect.

The specific purpose of the requirement in question is to make certain the identity of the ballot cast with that of the ballot handed to the voter at the time of voting. Identity may be said to be "of the essence" of the provision. When the presiding judge in his own handwriting indorsed his initials upon the ballots, thus stamping them with his peculiar individuality, so that the other election officials could "familiarize themselves" therewith, as provided in article 3011, the identification of the ballot became just as certain of ascertainment as if he had written his full name thereon.

The Legislature went very far toward placing an unreasonable restriction upon the freedom of the electorate of the state when it provided that no ballot, however honestly cast by the voter and certainly identified by the election officials, shall be counted, unless actually impressed with the personal signature of the presiding judge; and the courts should not presume from the general language of the statute that the Legislature intended by the use of the word "signature" to require the writing of no less than the full name of that official upon the ballot. Rather will it be presumed that, if the Legislature intended to thus aggravate the harshness of the penalty provided for, it would have done so in express terms. Certainly this court will not do so by construction.

Of course, the better practice is for election judges to indorse their full names upon the ballots, and they should not jeopardize the validity of those ballots and provoke election contests by doing less. Yet, when through indolence or by design, they adopt their initials only as their signatures, and indorse them on the ballots as their signatures, and the counting officials, looking upon them as such, "familiarize themselves" therewith so as to enable them to identify the ballots passed out with those handed in, then the provision in question has been substantially complied with, the sole and full purpose and intention of the Legislature have been accomplished, and therefore the ballots should be counted as cast. This is the case made here.

The judgment is affirmed.