JOHN R. MILLER ET AL. v. C. COFFEE ET AL.

No. 5248. Decided April 10, 1929.
(15 S. W., 2d Series, 1036.)

382

*Lackey & Lackey, O. E. Overson, E. J. Cussen,* and *Hoover & Hoover,* for appellants.

It is not necessary for the presiding officer holding an election for the purpose of electing school trustees of an independent school district to sign his name on the official ballots before he delivers same to the voters and his failure to do so does not render the election invalid. Fowler v. State, 3 S. W., 255; McKinney v. O'Connor, 26 Texas, 5; Wallis v. Williams, 108 S. W., 153; Ex parte Anderson, 102 S. W., 729; Walker v. Mobley, 105 S. W., 61; Scurlock, County Attorney, v. Wingate, 283 S. W., 307; Williams v. Hammond, 278 S. W., 304; Chestnut v. Wells, 278 S. W., 465; Lewis v. Stanton Independent School District, 294 S. W., 863; Moore v. Pittman, 280 S. W., 873; Johnston v. Peters, 260 S. W., 915.

*Holmes & Buckley* and *Carrigan, Britain, Morgan & King,* for appellees.

An election for trustees of an independent school district organized under the general laws of Texas is governed by the rules governing the conduct of general elections.

In a purported election for trustees of an independent school district organized under the laws of Texas, the failure of the presiding judge to perform the mandatory duty imposed upon him by the statutes to sign his name on any ballot purported to be voted at such election renders the election null and void and of no force and effect, and it is the duty of the court to declare the election void and order a new election.

Under the law governing the conduct of general elections in Texas, it is mandatory that the presiding judge of the election sign his name on the back of each ballot before handing it to the elector to be used in voting, and the failure of the presiding judge to so sign a ballot, or cause same to be signed, renders such ballot void, and the same cannot be counted in determining the result of the election. Articles 2775, 2776, 3008, 3012, 3018, Vernon's

Annotated Texas Statutes, 1925; Arnold v. Anderson, 93 S. W., 692; Turner v. Teller, 275 S. W., 115; McCharen v. Mead, 275 S. W., 117; Shipman v. Jones, 199 S. W., 329; Clark v. Hardison, 90 S. W., 342; Brigance v. Horlock, 97 S. W., 1060; Bass v. Lawrence, 300 S. W., 207.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The case is before us upon certificate from the Seventh Supreme Judicial District as follows:

"This appeal is from the judgment of the District Court in an election contest filed by C. Coffee and G. C. Harney against John R. Miller, Heywood Moore and W. R. White. Contestants and contestees, together with three other citizens of the town of Borger, were candidates for the office of school trustees of the Borger Independent School District, in an election held at Borger on April 7, 1928. The case was tried to the Court without the intervention of a jury, upon what purports to be an agreed case filed under R. S. Art. 2177. The result of the election, as declared by the presiding officers, shows that the contestants and contestees received the following votes: John R. Miller, 271; Heywood Moore, 260; W. R. White, 272; C. Coffee, 199; and G. C. Harney, 176. Based upon the election returns, the Board of Trustees declared Miller, Moore and White elected.

"The judgment recites: 'That the Court is of the opinion that the law and facts are for the contestants by reason of the fact that the presiding judge of the election failed to place his genuine signature on the blank side of the ballots before said ballots were deposited in the ballot boxes as required under the mandatory provisions of the statutes governing the holding of general elections in the State of Texas, and that said failure on the part of said presiding judge rendered said election null and void and requires this Court to order a new election.'

"The Court then decreed that a new election be held in said Borger Independent School District in the manner required by law, for the election of three trustees to succeed the said Miller, Moore and White.

"R. S. Art. 3008, relative to general elections, provides that when the election judges are satisfied as to the right of a citizen to vote, they shall deliver to him one official ballot on the blank side of which the presiding judge shall have previously written his signature.

Art. 3012 provides that when the voter shall have prepared his ballot, he shall fold it so as to conceal the printing and exhibit the signature of the presiding judge on the blank side and hand it to the numbering judge. Art. 3018 provides that the counting judges and clerks shall familiarize themselves with the signature of the judge who writes his name on each ballot that is voted and shall count no ballot where two or more are folded together or that does not bear the judge's signature or is not numbered.

"These articles have been held to be mandatory. Turner v. Teller, 275 S. W., 115; Bass v. Lawrence, 300 S. W., 207.

"R. S. Art. 2776, a part of sub-division 3, of chapter 13, title 49, which sub-division relates to independent districts in cities, provides that elections for school trustees in each independent district 'shall be held * * * in accordance with the general election laws'.

"The record shows that the Borger Independent School District was organized and exists under the general independent school district laws.

"This Court is unable to agree upon the issues presented by this certificate and we therefore certify to Your Honors the following questions:

"(1) Does Art. 2776 apply to an independent school district organized under the general laws relative to independent school districts?

"(2) Does that part of Art. 2776 requiring that elections for school trustees in independent school districts be held 'in accordance with the general election laws' require the presiding judge of the election to write his signature on the blank side of the ballots, as required by R. S. Art. 3008, before the same can be counted under the provisions of Art. 3018?

"(3) Is the presiding judge of an election for trustees in an independent school district organized and existing under the general laws relating to independent school districts, required to write his signature on the ballots to entitle such ballots to be counted?"

Each of the foregoing questions should be answered in the affirmative. The cases of Turner v. Tiller (Tex. Civ. App.), 275 S. W., 115, and Bass v. Lawrence (Tex. Civ. App.), 300 S. W., 207, cited in the certificate, announce the correct rule. The question has not been affirmatively decided by the Supreme Court but the decision in Wallis v. Williams, 101 Texas, 395, 108 S. W., 153, is very persuasive. In that case answering certified questions from the First Supreme Judicial District the court held that the general

election laws did not apply to an election held to determine the location of a county seat with respect to the form of ballots to be used. The decision, however, was specially placed upon an interpretation of the Terrell election law which provided: "That this act shall not interfere with or repeal any local option or special laws of this state, except as herein specially provided and set forth."

The court held that a county seat election is a special election within the meaning of that law and as such was not within the terms of the general law by reason of the express exception. Some of the Courts of Civil Appeals have cited this case for the holding that the general election law would not apply to those elections which under the rule there announced were special elections as contradistinguished from general elections. See Chestnut v. Wells (Tex. Civ. App.), 278 S. W., 465; Moore v. Pittman (Tex. Civ. App.), 280 S. W., 873. But the Wallis-Williams case is not authority for such a holding. The effect of the decision was merely to hold that the provisions of the general election law in respect to such things as are being considered here does not apply to special elections. But Article 2776 of Chapter 13 of the statutes providing for the election of trustees for independent school districts expressly declares: "All such elections shall be held and returns thereof made to the Board of School Trustees in accordance with the general election laws."

Now here is a mandatory requirement that elections held for trustees of independent school districts shall be held in accordance with the general election laws, which in turn declares:

"That the counting judges and clerks shall familiarize themselves with the signature of the judge who writes his name on each ballot that is voted and shall count no ballot where two or more are folded together or that does not bear the judge's signature, or is unnumbered," etc.

This statute being a special statute, its provisions will control the general statute under the holding in Wallis v. Williams, supra, and many other cases that could be cited. The purpose of the statute is to safeguard the integrity of the ballot by the specific requirement that all ballots cast must bear the signature of the election judge and further that a ballot not bearing such signature shall not be counted. This precludes any inquiry into the regularity of the ballot or fairness of the count and all other questions affecting the validity of the ballot, and arbitrarily as a matter of law, declares that such ballot shall not be counted. If such ballot shall not be

counted, it would be in defiance of the statute to permit it to be counted upon any consideration whatever.

We recommend that the questions certified be answered as above indicated.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. Cureton, Chief Justice.