### SCHERZ v. TELFER.
### No. 8168.

Court of Civil Appeals of Texas. Austin.
July 18, 1934.

James Cornell, D. B. Hardeman, and R. G. Hughes, all of San Angelo, for appellant.

Clyde Vinson, of San Angelo, for appellee.

BAUGH, Justice.

This appeal is from the judgment of the district court setting aside as void an election of a trustee for common school district No. 6 in Tom Green county. The appellee, plaintiff below, sought to have appellant, who had been declared elected, ousted from said office and himself declared elected, and, in the alternative, to have the election declared void and another election ordered. Numerous irregularities were alleged in the petition, including improper preparation of ballots, casting of illegal ballots by parties residing outside of the district, fraudulent counting of votes for appellant which were cast for appellee, and fraudulent returns of the result of the election. In addition to general and special demurrers and general denial, appellant denied such interest in appellee as authorized him to bring the suit, and alleged that appellee received no legal votes for the reason that the name of the election judge was not indorsed upon any of the ballots as required by law. This same ground, that is, that articles 3008 and 3018, R. S. 1925, were not complied with, was also urged by appellee in his contest as vitiating such election.

While both parties in their briefs have stated numerous facts developed upon the trial, no statement of facts accompanies the record; and the judgment of the trial court was based wholly on the conclusion that the election was void because the name of the election judge was not indorsed upon any of the ballots.

The manner and method of holding elections for common school trustees are provided by articles 2745, 2746, and 2746a, R. S. 1925, as amended. See Vernon's Annotated Texas Statutes as supplemented. It is the contention of appellant that these statutes, included under the title "Public Education," control such elections entirely, and that such elections are not subject to the provisions of the Terrell Election Law as embodied in title 50, Revised Statutes; that such elections under articles 2745, 2746, and 2746a are in the

**328**

nature of special elections, and are controlled entirely by said articles; that the provisions of articles 3008 and 3018, which require the signature of the election judge on the ballot, do not apply; and that the failure of the ballots to have such indorsement does not render the election void. With this contention we cannot agree.

Article 2923, being the first article of title 50, provides: "The provisions of this title shall apply to all elections held in this State, except as otherwise provided herein."

■ We find nothing in the statute expressly excluding from the provisions of the election laws the election of common school trustees. The election of such trustees is, of course, undoubtedly controlled by the provisions of articles 2745, 2746, and 2746a in all matters and things covered by the provisions of said articles. But it is manifest, we think, that in all other matters not covered by said articles the provisions of the Terrell Election Law would apply. While it has been held that the provisions of the general election law do not apply to special elections, such as elections for the removal of the county seat, stock laws, local option laws, consolidation of school districts, voting district bonds, or levying a local tax, we think the election here involved does not come under that classification. Williams v. Hammond (Tex. Civ. App.) 278 S. W. 304; Chestnut v. Wells (Tex. Civ. App.) 278 S. W. 465; Miller v. Coffee, 118 Tex. 381, 15 S.W.(2d) 1036. Such elections as above enumerated are clearly local in character, of infrequent occurrence, apply only to a given locality, are usually final, the matters voted upon disposed of at a single election, and are not recurring in character. Wallis v. Williams,

101 Tex. 395, 108 S. W. 153. In the latter case, Chief Justice Gaines clearly defines the distinction between special elections and a general election, and a reference thereto will render unnecessary discussion of such distinction here. We think the election of common school trustees does not constitute a special election dealt with in the above decisions. Such election is not confined to any given locality, nor to any given individual, nor to any limited class of individuals. On the contrary, articles 2745, 2746, and 2746a relate to all common school districts throughout the state, and to the election of the trustees thereof, provide for such election each year throughout the state, and are therefore essentially general in their application. It is now settled that a school trustee is a county officer, required to take the constitutional oath, and that a contest of his election is referable to the general law. Fowler v. Thomas (Tex. Civ. App.) 275 S. W. 253, and cases there cited.

Under such circumstances, we conclude that the election in question comes within the purview of article 2923, Revised Statutes, and that therefore the provisions of articles 3008 and 3018 which require the signature of the judge upon the ballot before it can be counted are applicable. These articles have been repeatedly held to be mandatory. Ramsay v. Wilhelm (Tex. Civ. App.) 52 S.W.(2d) 757.

Judgment of the trial court declaring such election void is therefore affirmed. The judgment having been superseded, however, and the date fixed in the judgment for the holding of another election having transpired, it will be necessary for the trial judge to fix another date upon which a new election may be held.

Affirmed.