**BLOUNT et al. v. McMILLAN.**

**No. 3711.**

Court of Civil Appeals of Texas. Beaumont.

April 25, 1940.

Ramsey & Ramsey, of San Augustine, for appellants.

Charles McMillan, of San Augustine, for appellee.

O'QUINN, Justice.

On November 25, 1939, an election was held in San Augustine County, Texas, to determine whether or not the sale of beer containing alcohol not exceeding four per cent in weight should be prohibited. The election returns showed on their face that a majority of the votes cast were against the sale of beer, and the commissioners' court of the county passed an order declaring the result of the election and prohibiting the sale of beer in said county, as provided by law.

This suit was instituted by T. W. Blount and J. H. Halbert, resident citizens and qualified voters of said San Augustine County, Texas, contesting the validity of said election and the declared result of same for in that they alleged votes in certain election precincts or boxes that did not have the name of the presiding election judge written thereon by said judge as required by law were counted, and that votes in certain election precincts or boxes that were not numbered as required by law were counted, the whole showing a majority of 38 votes against the sale of four per cent beer, whereas if said alleged illegal votes had been refused and not counted there would have been a majority of the legal votes in favor of selling beer.

The case was tried to the court without a jury and judgment rendered sustaining the validity of the election by a majority of 25 votes, that is, that by a majority of 25 votes the county had voted against the sale of four per cent beer. From that judgment this appeal was taken.

Appellants, in their petition, contested the validity of eleven of the boxes, but in their brief they have challenged the validity of but four, Denning, McCune, Attoyac, and White City. The matters alleged to have vitiated the others were disproven.

At the Denning box 125 votes were polled. Of this number 69 of the ballots did not bear the genuine signature of the presiding judge. He testified that the other ballots were signed by himself, and that he authorized one of the assistants helping to hold the election to sign his (the presiding officer's) name on 69 of the ballots. Appellants insist that the votes not bearing the genuine signature of the presiding judge were illegal; 'that under the law he could not delegate this duty to an assistant, but must sign same himself. We sustain this contention. Article 666—35, Vernon's Annotated Penal Code, subdivision (b), provides that no bal-

894

lot shall be counted that "is not an official ballot, and that has not the name of the presiding officer of such election written thereon in the handwriting of such presiding officer as provided by this Act." The plain language of the statute discloses that the presiding officer must sign his name on the back of the ballot—he cannot authorize some one else to sign his name for him, for in that event it would not be "in the handwriting of such presiding officer." This statute, being a special statute regulating the holding of a special election, controls and is mandatory. Miller v. Coffee, 118 Tex. 381, 15 S.W.2d 1036; Ramsay v. Wilhelm, Tex.Civ.App., 52 S. W.2d 757, writ refused; Scherz v. Telfer, Tex.Civ.App., 74 S.W.2d 327; Border v. Abell, Tex.Civ.App., 111 S.W.2d 1186. Of the 69 votes not signed by the presiding officer, 44 voted for prohibiting the sale of beer, and 25 voted against prohibiting the sale of beer. These votes will be deducted from the respective totals of the vote.

At the McCune voting box 65 votes were cast, of which 5 were not signed by the presiding officer, and of these 3 were for prohibiting the sale of beer, and 2 were against prohibiting the sale of beer. These votes will be deducted from the respective totals of the vote.

At the Attoyac box there were 31 votes cast, and of these 14 were not signed by the presiding officer, and of these 6 were for prohibiting the sale of beer, and 8 against prohibiting the sale of beer. These votes will be deducted from the respective totals of the vote.

■ At the Logville box it was shown that six persons voted who did not reside within the voting precinct, and so were illegal votes. They voted for prohibiting the sale of beer, and will be deducted from the total votes for prohibiting the sale of beer.

The court found such irregularities and non-compliance with the election laws that he threw out the entire vote at the Camp Worth box. The record amply sustains his action.

■ Votes at several of the voting boxes were shown not to have been numbered. It is insisted that they should have not been counted. This contention is overruled. It being a special election, the law under which the election was held, Article 666—35, Vernon's Annotated Penal Code, subdivision (b), (Liquor Control Act), does not provide that the ballots shall be numbered, and so the failure to number the ballots did not render them void. Being a special law, its provisions control over the general law on the subject. Tate v. Farmer, Tex.Civ.App., 112 S.W.2d 782.

The vote as declared by the commissioners court showed 729 for prohibiting the sale of beer, and 691 against prohibiting the sale of beer, or a majority of 38 for prohibiting the sale of beer. As above stated, there were 44 votes in the Denning box; and 3 votes in the McCune box; and 6 votes in the Attoyac box; and 6 votes in the Logville box, amounting to 59 votes, that should not have been counted for prohibiting the sale of beer. Deducting these from 729, leaves a total of 670 votes for prohibiting the sale of beer. There were 25 votes in the Denning box; and 2 votes in the McCune box; and 8 votes in the Attoyac box, amounting to 35 votes, that should not have been counted against prohibiting the sale of beer. Deducting these from 691, leaves a total of 656 against prohibiting the sale of beer. This results in a majority of 14 votes for prohibiting the sale of beer in the county.

From what we have said, it follows that the judgment declaring that the election resulted in favor of prohibiting the sale of beer in the county, should be affirmed, and it is so ordered. Affirmed.