

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXX XXXX
ATTORNEY GENERAL

Honorable Charles S. McMillan
County Attorney
San Augustine County
San Augustine, Texas

Dear Sir:

Opinion No. 0-3393
Re: (1) Whether a ballot is void
and should be counted in a
school trustee election where
there are three names on the
ballot where only two trustees
are to be elected. (2) Has
Article 2808, R. C. S., been
amended by Acts of the 41st
Legislature, 1931, 5th C. S.,
p. 212? (3) Under the facts
given is the school trustee
election void?

     We have received your written request for an opinion from this department. We quote from your first request:

"I would like to request an opinion on the following question:

"'Whether a ballot is void and should be counted in a
school trustee election that has the names of three persons
on the ballot for trustee offices where only two trustees are
to be elected?'

"* * *

"Due to my limited library I am unable to determine
whether Article 2808 of Vernon's Ann. Civ. Statutes has been
amended, and it is very important in determining another ques-
tion that would arise if it has not been so amended by the 41st
Leg., 5th C. S., Ch. 66, Acts 1929."

     We also quote from your supplemental request furnishing us additional information as follows:

"This is to advise that the Lucas Consolidated School District No. 34 is a consolidation of common school districts. It is in the country. The election order and notice submitted the election of two trustees. The third candidate was merely a candidate for the two elective places.

"Now here is what happened. There were three candidates for two elective places. There were other candidates but only three names were printed on the ballot, and they are as follows:

"Vaughn Lakey
Tom Rayburn
Norman Williams

In the meantime, that is, between the time the election was ordered and held, a member of the board of trustees of the school district resigned. His name was T. W. Lakey. When the time to vote arrived, a majority of the voters voted their ballot as follows:

"Vaughn Lakey
Tom Rayburn
Jay Gardener (Write in)

Some voted as follows:

"Vaughn Lakey
Tom Rayburn
J. W. Bryant (write in)

Others voted as follows:

"Vaughn Lakey
Norman Williams

Then when the time to tally came, the election officer counted all the ballots in one group that voted for two trustees, in another group, the ballots cast for three trustees.

It seems that the majority of the ballots were cast for three trustees. The election officer made his returns in the following manner:

"Vaughn Lakey               61
 Tom Rayburn               42
 Gay Gardener              41
 Norman Williams           17
 J. W. Bryant               6

The commissioners court canvassed the returns as follows:

"Vaughn Lakey
 Tom Rayburn

My main concern is whether the Article referred to in my former opinion is the law. In other words you have two articles governing the election of school trustees in a consolidated school district as the one above.

Another concern is whether the ballots that had the names of three trustees on them were void if only two trustees were to be elected.

Whether the facts warrant the construction that the whole election was void."

We first consider the question of whether or not Article 2808, Revised Civil Statutes, 1925, has been amended or repealed. Said Article provides as follows:

"The board of county school trustees at its next meeting after such consolidation of school districts is declared, shall appoint a board of seven trustees for the consolidation district. No person shall be trustee who cannot read and write the English language understandingly, and who has not been a resident of this State one year, and of the district six months, prior to his appointment or election. The terms of office of three of the trustees so appointed shall expire on the first day of May next following their appointment, and the terms of office of the other four trustees shall expire on the first day of May of the succeeding year, as those so appointed shall determine by lot. Each year thereafter alternately three trustees and four trustees shall be elected by the qualified voters of the district on the first Saturday of April and trustees so elected shall enter upon the discharge of their duties on the first day of May next following and serve for a term of two years thereafter. District trustees shall qualify by taking the official oath which shall be filed with the

county superintendent of the county wherein the district is situated. The board of trustees after being qualified shall immediately organize by electing one of their number president and another secretary, a report of which organization shall be filed with the county superintendent. The board of county school trustees shall fill any vacancy by appointment until the next regular election for district trustees. The board of trustees of the district shall appoint three qualified voters of the district to hold said election and make returns thereof in like manner as provided by law for holding elections for trustees in common school districts, except that the persons holding said election shall each receive two dollars a day for such services."

The Forty-first Legislature, 1931, 5th Called Session, Page 212, enacted Senate Bill No. 30, the caption of which provides:

"An Act providing for the appointment or election and term of office of school trustees in all independent districts having fewer than 75,000 population by the Federal Census of 1920 and for all consolidated and rural high school districts; adjusting the term of office of trustees now in office; providing for filling of all vacancies; providing for the date of first election under this Act; repealing all laws both general and special in conflict herewith, and declaring an emergency." (Underscoring ours)

Section 3 of the same Act provides:

"Sec. 3. The board of county school trustees at its next meeting after the consolidation of school districts is declared shall appoint a board of seven trustees for the consolidated district. No person shall be trustee who cannot read and write the English language understandingly, and who has not been a resident of this State one year, and of the district six months, prior to this appointment or election. Those elected at the first election shall determine by lot the term for which they are to serve. The three members drawing numbers one, two and three shall serve for one year, the two members drawing numbers four and five shall serve for two years and the two members drawing numbers six and seven shall serve for three years, or and until their successors are elected and qualified; and regularly thereafter on the first Saturday in April of each year three trustees or two trustees shall be elected for a term of three

years to succeed the trustees whose term shall at that time expire. The members of the board remaining after a vacancy shall fill the same for the unexpired term. District trustees shall qualify by taking the official oath which shall be filed with the county superintendent of the county wherein the district is situated. The board of trustees after being qualified shall immediately organize by electing one of their number president and another secretary, a report of which organization shall be filed with the county superintendent. The board of trustees of the district shall appoint three qualified voters of the district to hold said election and make returns thereof in like manner as provided by law for holding elections for trustees in common school districts, except that the persons holding said election shall each receive from the general fund of the county two dollars a day for such services."

Section 5 of the same Act, in part, provides:

"Sec. 5. The first election under the provision of this Act shall be held on the first Saturday in April, 1931. * * * and in all consolidated and rural high school districts in which the term of office of three elective trustees expire in 1931, their successors shall be elected for a term of three years. * * * In all such districts in which the term of office of four elective trustees expire in 1932, after their successors are elected, they shall determine by lot which two members shall serve for one year and which two members shall serve for three years. Those members drawing numbers one and two shall serve for one year; those members drawing numbers three and four shall serve for three years, and annually thereafter either three trustees or two trustees, as the case may be, shall be elected to serve for a term of three years.

"In all such independent, consolidated and rural high school districts in which the terms of office of four elective trustees expire in 1931 their successors shall determine by lot which two shall serve for two years and which two shall serve for three years. Those members drawing numbers one and two shall serve for two years and those members drawing the numbers three and four shall serve for three years, and annually thereafter either three trustees or two trustees shall be elected to serve for a term of three years."

Senate Bill No. 30, supra, is carried in Vernon's Civil Statutes as Article 2774-a.

A consideration of the two Acts, quoted above, clearly shows that they are on the same general subject. It is clear that the Act last quoted intended to change the number of trustees to be elected annually and to change their tenure of office as well as to provide a different method of selecting a trustee of a consolidated school district where a vacancy occurs. We believe that there is no doubt but what the two Acts are inconsistent and irreconcilable in so far as the selection of trustees, their tenure of office, and the filling of a vacancy is concerned, and to that extent, we believe that the later Act, by implication, repeals the provisions of Article 2808. 39 Tex. Jur. 139.

We have considered the case of Plains Common Consolidated School District No. I of Yoakum County v. Hayhurst, (Civ. App.) 122 S. W. (2d) 322, which seems to hold that the provisions of Article 2808 are controlling in so far as the election of trustees of a consolidated common school district are concerned as well as the filling of a vacancy on the Board of Trustees. Since the opinion does not show whether or not Article 2774-a was called to the court's attention and in view of the provisions of the two Acts, which we have already discussed, we do not believe that the case, referred to, is authority for holding that Article 2808 has not been repealed, by implication, by the provisions of Article 2774-a, supra.

Upon the facts submitted by you, we agree with your conclusion that the resignation of the trustee and the acceptance of his resignation by the Board of Trustees, did not terminate his status as a trustee until his successor has been duly appointed and qualified in the manner required by law. In our Opinion No. 0-1432, we discussed the same question and quoted from Plains Consolidated School District case, supra, for authority. We are enclosing a copy of Opinion No. 0-1432 for your consideration.

We now consider the effect of more than two names being printed on the ballot.

Article 2774-a, which we have held to be applicable, provides, in part:

> "The Board of Trustees of the District shall appoint three qualified voters of the district to hold said election and make returns thereof in like manner as provided by law for holding elections for trustees in common school districts. * * *"

Article 2746, Revised Civil Statutes, 1925, is a statute providing for the conduct of a trustee election in a common school district. This article does not refer to ballots.

Article 2746-a, Vernon's Civil Statutes, provides:

"All of the ballots for the election of a school trustee in common school districts and in independent school districts having fewer than five hundred (500) scholastics as shown by the last preceding scholastic census roll approved by the State Department of Education and exclusive of transfers shall be printed with black ink on clear white paper, of sufficient thickness to prevent the marks thereon being seen through the paper, and be of uniform style and dimension; at the top of the ballot there shall be printed 'Official Ballot, _____ Independent School District,' the number of name of the school district in which the election is to be held to be filled in by the judge of the county when he orders the ballots printed. * * *"

It will be noticed that the statute, last referred to, does not specifically say how the names shall be placed upon the ballot.

It was held in the case of Scherz v. Telfer, (Civ. App.) 74 S. W. (2d) 327, as follows:

"We find nothing in the statute expressly excluding from the provisions of the election laws the election of common school trustees. The election of such trustees is, of course, undoubtedly controlled by the provisions of articles 2745, 2746, and 2746a in all matters and things covered by the provisions of said articles. But it is manifest, we think, that in all other matters not covered by said articles the provisions of the Terrell Election Law would apply. * * *"

Article 3018, Revised Civil Statutes, 1925, of the Terrell Election Law, provides:

"* * * If the names of two or more persons are upon a ballot for the same office, when but one person is to be elected to that office, such ballot shall not be counted for either of such persons."

We think the above statute is applicable to your proposition.

In 16 Tex. Jur. 111, 112, the rule is well stated as follows:

"It is further enacted that, if the names of two or more persons are upon a ballot for the same office, when but one person is to be elected to that office, the ballot shall not be counted for either of such persons. The language of this statute is mandatory. Hence, a ballo   which contains the names of two persons as candidates for the same office, neither of which has been erased cannot properly be counted for either of the candidates. If the name of a candidate for a designated office is on a ballot and is not scratched, the fact that the voter has written in the name of the person for whom he desires to vote, while showing the intention of the voter, cannot override the plain direction of the statute. The vote is illegal and cannot lawfully be counted.

"But where the intention of the voter to scratch one name is clearly shown, though the name was not entirely obliterated, and another name is written in at the proper place, the ballot will be counted for the name so written in. And, although the statute provides that the name of no candidate shall appear more than once upon the official ballot, except in a certain instance, if the name of a candidate is written in although it already appears printed on the ballot, the ballot is not rendered invalid."

We think the above quoted statutes and authorities clearly contemplate that after the voter, under the facts submitted by you, has been handed a ballot that it is incumbent upon the voter, if  his vote is to be legally counted and allowed, to see that not more than two unscratched names appear up on said ballot. You are therefore advised that all ballots which were handed to the election judges by the voters upon which there appeared more than two unscratched names are void and should not be counted. We also believe that those ballots that had only two unscratched names left on them when they were handed to the election judges by the voter should be allowed and counted and that same are valid ballots. From the facts submitted by you, we are unable to determine, upon the basis indicated above, how many ballots were properly cast in the

election inquired about which of course would determine who was duly elected.

From the facts submitted by you, we do not find anything which shows that the election is void as a matter of law.

APPROVED JUN 6, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

HM:RS
ENCLOSURE

APPROVED
OPINION
COMMITTEE
By
Chairman