GRAHAM et al. v. VILLAREAL.

No. 12292.

Court of Civil Appeals of Texas.
San Antonio.

July 18, 1951.

Rehearing Denied Sept. 5, 1951.

Greenwood, Johnson & Phillips, Harlingen, for appellants.

Sharpe, Cunningham & Garza, Brownsville, for appellee.

POPE, Justice.

This is an appeal from a contest of an election called to determine whether Cameron County Water Improvement District No. 8 would be dissolved.

Contestant, Jose Villareal, complained in his pleadings against the County Attorney, the County Judge, and the County Commissioners, by reason of the official election canvass which declared that the election for dissolution failed, since there was not a two-thirds majority vote favoring dissolution. The canvass showed sixty-three votes were cast at the election, forty-one being for dissolution and twenty-two being against dissolution. The canvass thus showed that there was a lack of one vote necessary for the required two-thirds majority.

At the election contest, the district judge both sustained and denied challenges to various voters, some of which decisions are not brought into question on this appeal. The judgment did conclude, however, after deducting the illegal votes, that there were thirty-eight votes for dissolution and nineteen votes against dissolution. This means that there were fifty-seven legal votes, two-thirds of which would be thirty-eight, the number of valid votes found to have been cast for dissolution. The judgment then declared the true result of the election to be for dissolution instead of against dissolution as appeared from the official canvass. It becomes apparent that the validity of every vote becomes significant as regards the result of the election.

Benigna R. Rodriguez and Juan Rodriguez voted against dissolution, but their votes were declared illegal by the trial court. By separate findings of fact, the court found that these persons lived within the water district, but that for many years they had purchased poll taxes for the purpose of voting outside of their precinct, and that their receipts in fact showed they lived outside the water district. The fact that their receipts showed they lived outside their true voting precinct was not occasioned by any confusion in their minds, nor in the mind of the tax collector who issued the receipts, but, according to evidence which was sufficient to support the trial court's holding, they had knowingly for many years obtained a poll tax receipt for a wrong precinct in order to cast their vote in a commissioners' precinct election. The evidence showed that even subsequent to the water district election and its investigation, Benigna Rodriguez, Juan's mother, had again purchased a poll tax receipt outside her correct precinct. Some of the evidence is conflicting, but there is ample evidence to support the conclusion that the two voters purchased their poll tax receipts for wrong precincts for political and personal reasons and not by reason of an innocent confusion. One who is innocently mistaken or has a bona fide confusion as

to the location of precinct boundaries should not be and is not disfranchised, so long as he in fact lives within the precinct where he presents himself to vote. Tondre v. Hensley, Tex.Civ.App., 223 S.W.2d 671. But, because one is not disfranchised when he makes an innocent mistake occasioned by a reasonable confusion of boundary lines, it does not follow that one who knowingly buys a poll tax receipt for a wrong precinct will be permitted to vote outside his precinct on the strength of his poll tax receipt and inside his precinct because that is where he should have voted. In other words, one who knowingly misrepresents the location of his precinct will not thereafter in the face of his fraud, be heard to say that he should be permitted to select his place of voting. We think the court correctly held, in effect, that the two voters in law had no poll tax receipts at all. Major v. Loy, Tex.Civ.App., 155 S.W.2d 617, imposes the burden upon the voter to have his poll tax receipt reflect the correct precinct information at the time he presents himself at the polls. This is required, as there stated, in the interest of preserving the purity of the ballot box. Tondre v. Hensley, supra, by this Court, grants an exception to that principle and relieves the voter from an onerous disfranchisement when he is innocently confused or there is a mistake occasioned by uncertainty of the true boundaries. We find no authorities which have pressed the exception so far, as is here contended, that we should permit the voters to knowingly buy outside their precinct for political and personal reasons but also vote inside their own precinct.

■ ■ If we understand appellants' sixth point correctly, they urge that these two votes should not have been invalidated, because the voters made the oath required by Article 8114, Vernon's Ann.Civ.Stats., that they were qualified voters of the county and resident property taxpayers in the district and had not voted before in the election. One of the provisions of Article 8113, Vernon's Ann.Civ.Stats., is: "All such elections shall be conducted in the manner provided by the general election laws, unless otherwise provided." In the choice between whether the general election laws or Article 8114 could be ignored, we think it clear that certainly we could not ignore the general election laws. In fact, such requirements as those stated in Article 8114 have been held to be only directory. Miller v. Coffee, 118 Tex. 381, 15 S.W.2d 1036. We think the trial court effectually and properly ruled that the poll tax receipt, obtained by misrepresentation rather than honest confusion or mistake, left the holder without the necessary qualification and he had no receipt at all.

■ The court held Inocente T. Villareal's vote for dissolution to be legal against the claim that her initialing the stub to her ballot rather than signing it, should invalidate it. This was a correct ruling. Turner v. Teller, Tex.Civ.App., 275 S.W. 115; McCharen v. Mead, Tex. Civ.App., 275 S.W. 117; King v. State, 30 Tex.Civ.App. 320, 70 S.W. 1019; Hanscom v. State, 10 Tex.Civ.App. 638, 31 S.W. 547. One other vote favoring dissolution is here under attack, that being the vote of Abelardo Villareal. The attack upon the court's ruling is based upon the claim that the voter received assistance in preparing his ballot in the Spanish language in violation of Article 3010, Vernon's Ann.Civ. Stats. The fact of assistance was disputed by the presiding election judge and denied by the one alleged to have furnished the aid. The credibility of witnesses is a matter that the trier of the election facts can better determine than can this Court on appeal. However, under similar facts, the trial court also refused to invalidate the two votes of Mr. and Mrs. Trino Flores, which decision we also uphold for the same reason. Should the one vote of Abelardo Villareal favoring dissolution be invalidated by us because of his receiving assistance in the Spanish language, the similarity of facts would also prompt us to invalidate the two Flores votes resisting dissolution. We think, however, in the instance of all three votes the court properly weighed the evidence.

■ After opening the ballot and stub box, it was discovered that four stubs were unsigned, but neither the appellants nor

the appellee contested the ballots. No testimony was elicited concerning the four voters or the ballots, and only by a motion after judgment is the matter called to our attention. The record fails to reflect whether the votes were for or against dissolution, and no doubt each party risked the chance that they were favorable to their respective causes. Having taken that calculated risk and pursued that theory of trial, we do not think either party should, without challenge or pleading or proof, upon the unfavorable outcome of the tally, be permitted to compel the other side to try the case again. We have no way of knowing whether further investigation would or would not alter the results of the election. We think the opportunity to challenge the votes was offered and passed over and therefore waived.

The judgment is affirmed.