In Nichols v. State, 39 Tex.Cr.R. 80, 44 S.W. 1091, 1092, we said:

"In the offense of passing a forged instrument, an essential ingredient thereof is that such instrument was forged, *and that the utterer knew that it was at the time he passed it.* The mere passing of an instrument amounts to nothing unless the other essential elements be established, to-wit, the forgery *and the knowledge on the part of the utterer.*"

The Nichols case has been followed through the years. See Johnson v. State, 82 Tex.Cr.R. 585, 200 S.W. 522; Verner v. State, 117 Tex.Cr.R. 112, 35 S.W.2d 428; Mixon v. State, 129 Tex.Cr.R. 584, 90 S.W. 2d 832; and Roach v. State, 138 Tex.Cr.R. 382, 136 S.W.2d 614.

In view of another trial, we observe that the originals of the handwriting specimens should be offered in evidence or an explanation made for their nonproduction.

It is not sufficient to say that the originals were in the files of the Department of Public Safety in Austin. This would show their availability rather than their unavailability. The appellant timely objected to the introduction of the carbon copies on the grounds that they were not the best evidence and that there had been no showing of any effort made to produce the originals. The objection should have been sustained.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

Ernest MULLINS, Appellant,

v.

Joe R. POWELL, Appellee.

No. 12725.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 24, 1954.

Rehearing Denied Dec. 29, 1954.

Rankin, Kilgore & Cherry, Edinburg, for appellant.

Hill, Lochridge, King & Hodson, Mission, for appellee.

NORVELL, Justice.

This is an election contest involving a directorship of Hidalgo County Water Control and Improvement District No. 7. Trial was to the court without a jury and at the request of appellant the trial judge filed findings of fact and conclusions of law. The findings of fact are not questioned on this appeal.

The disputed election was held on January 1, 1954, and seven days thereafter the board of directors canvassed the returns and declared that Otto Jensen had been elected as one director, but that there was a tie vote between Joe R. Powell and Ernest Mullins, for the second directorship at issue. Another election was ordered held as to this place upon the board of directors. Mullins thereupon filed an election contest contending that he had been duly elected. Powell answered, stating that although he knew of no error in the official canvass, he nevertheless asserted that a recount of the ballots would show that he had been elected.

The contesting parties agreed that the district judge should open the ballot box and make a recount of the votes. The ballot box was accordingly opened and it was discovered that the election judge had failed to sign the ballots used in the election. Without waiving his objection to this defect or informality, appellant agreed with appellee that there were only four ballots in dispute and that a proper tally without considering these four votes showed the following result: Otto Jensen, 27 votes; Joe R. Powell, 25 votes; Ernest W. Mullins, 25 votes; J. R. Glenn, 24 votes. The appellant challenged the validity of one of the four disputed ballots because the voter had signed his name thereon. The trial judge held that this did not invalidate the ballot, and as the ballot was for Jensen and Powell, this ruling raised Powell's vote to 26 as compared to 25 for Mullins. No complaint is here made of this action on the part of the trial court. Upon this holding and the refusal to consider or count the other three disputed ballots as legal votes, Powell was declared elected.

It appears that Otto Jensen and Joe R. Powell had their names printed upon the ballot as candidates, while Ernest J. Mullins and J. R. Glenn were write-in candidates. On the three ballots in question the voters had written the names of Mullins and Glenn under the names of Jensen and Powell, without scratching out or otherwise obliterating the printed names. A bill of exceptions indicates that the three voters who cast these ballots would have testified that it had been their intention to vote for Mullins and Powell. The trial judge refused

to admit this testimony. There was one further irregularity in that the ballots did not have printed upon them these words, " 'You may vote for the candidates of your choice by placing an X in the square beside the name or you may vote for the candidate of your choice in each race by scratching or marking out all other names in that race.' " Article 6.05, V.A.T.S., Election Code. Likewise, there was no square printed opposite the names of Jensen and Powell.

■ By his first point, appellant asserts that the election must be declared void because of the failure of the election judge to sign any of the ballots used at said election. Under Article 3018 of the 1925 Revised Statutes, which was superseded by Article 8.21 of the Election Code, it was mandatory that a ballot bear the presiding judge's signature before it could be counted. Miller v. Coffee, 118 Tex. 381, 15 S.W.2d 1036; Turner v. Teller, Tex.Civ.App., 275 S.W. 115. The Election Code, however, contains a proviso that "in the absence of a showing of fraud the mere failure of the presiding judge to sign the ballot shall not make such ballot illegal." Article 8.21. Appellant does not contend that if a few ballots, through inadvertence or mistake, were not signed by the presiding judge they could not be counted, but that a complete disregard of the requirement that the judge sign the ballots can not be excused under the proviso added when the election code was adopted. In other words, it is asserted that when none of the ballots are signed by the presiding judge, the election must be declared void. With this contention we do not agree. It is conceded that no fraud was shown and the statute expressly provides that in the absence of such showing the failure of the election judge to sign his name upon the ballot shall not invalidate the same. The trial judge followed the direction of the statute in counting the votes, even though the election judge's name was not signed on the ballot.

■ Appellant next complains of the action of the trial court in refusing to count the three ballots heretofore mentioned as being legal votes in his favor. It is asserted that when a voter writes the name of a party on the ballot it clearly indicates that he intends to vote for that person, even though he fails to mark out or obliterate the name of the candidate whose name is printed upon the ballot. This contention of the appellant is answered by the provisions of the election code itself. Article 8.21 reads in part as follows:

"If the names of two (2) or more persons are upon a ballot for the same office, when but one person is to be elected to that office, such ballot shall not be counted for either of such persons."

The language quoted is practically identical with that contained in Article 3018, Revised Statutes, 1925, from which Article 8.21 of the election code was largely taken, and simply makes void a ballot coming within the stated proscription. The intention of the voters when they wrote additional names upon the ballot is as a consequence rendered legally immaterial. Wright v. Marquis, Tex.Civ.App., 255 S.W. 637.

■ The failure to print a box opposite the names of the candidates whose names were printed upon the ballots is, however, a mere irregularity. If for the moment we accept appellant's position that the three voters who wrote additional names upon the ballots actually intended to vote against those candidates whose names were printed upon the ballots, it is difficult to understand how they were misled in failing to make their intention clear in a legal manner by the fact that no box was set out opposite the names of those candidates printed upon the ballots.

The findings of fact of the trial judge support his conclusions of law and the judgment rendered. The judgment is affirmed.