**E. B. REYNA et al., Appellants,**

**v.**

**The STATE of Texas ex rel. Hamp ED-WARDS et al., Appellees.**

No. 13409.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 19, 1958.

Rehearing Denied Dec. 10, 1958.

Rankin, Cherry & Martinez, Kelley, Looney, McLean & Littleton, Edinburg, for appellants.

Magus F. Smith, R. M. Bounds, Edward Idar, Jr., McAllen, for appellees.

W. O. MURRAY, Chief Justice.

This action was brought by the State of Texas on the relation of Hamp Edwards and J. D. Salinas against six members of the seven man Board of Trustees of the

Tabasco Consolidated Independent School District in Hidalgo County, in which their removal from the office of Trustee for the school district was sought upon the basis of the action of the Board in not placing or printing the name of Hamp Edwards on the ballot for an election called on April 5, 1958, by the Board, to fill the offices of three Trustees of the District whose terms were expiring. Two of the six original trustees were defeated and one was re-elected, thus leaving only three trustees the removal of whom was sought at the time the cause was heard.

The trial was to a jury and, based upon the verdict of the jury, the court rendered judgment removing three trustees, namely, E. B. Reyna, Margarito Reyna and Ramiro Cardenas, from office, from which judgment they have prosecuted this appeal.

■ The first question presented is whether, under the petition filed, the law and the facts, a prima facie cause was made out justifying the removal of these school trustees. This is not an ordinary civil suit. It is a statutory proceeding of a penal or quasi-criminal nature, based upon charges of willful, corrupt and felonious official misconduct. Our Constitution, Art. 5, § 24, Vernon's Ann.St., provides for the removal of officers for, among other things, "official misconduct." Arts. 5970 and 5977, 5978 and 5981, Vernon's Ann.Civ.Stats., are enabling statutes relating to the removal of public officials. In State ex rel. Hickman v. Alcorn, 78 Tex. 387, 14 S.W. 663, 665, the Court said:

"The statute under consideration is one penal in character, and must be construed as though it were one defining a crime and prescribing its punishment."

See, also, Johnson v. Mooney, Tex.Civ. App., 241 S.W. 308.

Art. 5973, Vernon's Ann.Civ.Stats., defines the term "official misconduct" as follows:

"By 'official misconduct,' as used herein with reference to county officers, is meant any unlawful behavior in relation to the duties of his office, wilful in its character, of any officer intrusted in any manner with the administration of justice, or the execution of the law; and includes any wilful or corrupt failure, refusal or neglect of an officer to perform *any duty enjoined on him by law.* (Emphasis ours.)

■ In their petition appellees made many charges against appellants as school trustees, such as, that they were guilty of a felony as described in Art. 207, Texas Penal Code. This article makes it a felony for an officer charged by law with the duty of preparing or printing an official ballot to leave off such ballot the name of a candidate whose nomination has been certified to him. None of the candidates involved in the case at bar were certified nominees, so there could not possibly have been a violation of Art. 207, Texas Penal Code.

■ The only possible charge presented is to the effect that the appellants were charged by law with the duty of preparing and having printed the official ballot for the trustees' election, which was held on April 5, 1958, in the Tabasco School District; that Hamp Edwards made a proper application to have his name placed upon such official ballot, and appellants wilfully and corruptly refused to have his name placed thereon. The evidence fails to show that appellants were guilty of this charge.

In the first place, the statutes do not expressly make it the duty of the Board of Trustees to receive applications and make up the ballot for a trustees' election. It is only by implication from a number of the provisions of the statute that such duty can be placed upon the Board. Before a public official should be removed from office for failure to perform a duty, the law should plainly enjoin such duty upon him. Art. 5973, Vernon's Ann.Civ.Stats.

But aside from this, the record fails to show that appellants acted wilfully and corruptly in leaving the name of Hamp Edwards off the official ballot. It is apparent from the evidence that the appellants at first decided to leave the name of Hamp Edwards off the ballot because he failed to accompany his application with a loyalty affidavit. When this was discovered by Edwards he employed Magus Smith, Esq., to represent him in the matter and tendered to the Board a proper loyalty affidavit. The Board then decided to get a legal opinion from their attorney, H. H. Rankin, Esq. There is some dispute between the Board and their attorney as to just what advice they received from their attorney, but it is clear that the appellants were under the impression from the advice they received, that while the tardy filing of the loyalty affidavit was not sufficient grounds to justify the exclusion of the name of Edwards from the ballot, there were other legal reasons for leaving his name off the ballot. Upon this advice of their counsel, the appellants adhered to their former decision. Thereafter, a petition for a writ of mandamus was filed and heard in the District Court of Hidalgo County, resulting in the issuance of a writ of mandamus requiring the Board to place Edwards' name on the ballot. On further advice of their counsel, appellants decided to prosecute an appeal from that judgment of the District Court. The case became moot before it could be heard in the Court of Civil Appeals and the entire proceeding was dismissed. This left the parties in the same position as they were before the petition for a writ of mandamus was filed. Board of Trustees of Tobasco Consolidated Independent School District v. Edwards, Tex.Civ.App., 311 S.W.2d 872. Edwards' name was not placed on the ballot and later this suit to remove the trustees was filed.

There is nothing in the School Law that specifies what shall be the form and substance of an application to have one's name placed upon an official ballot for the office of school trustee. Art. 13.12, Vernon's Election Code, requires that an application to have a candidate's name placed upon an official ballot shall be in writing and signed and duly acknowledged, and it shall state the county of the applicant's residence, his post-office address, his age and his occupation. If this article governs there can be no doubt about the insufficiency of Edwards' application. Art. 2776, Vernon's Ann.Civ.Stats., provides, among other things, that:

"All such elections shall be held, and returns thereof made to the board of school trustees, in accordance with the general election laws."

In Miller v. Coffee, 118 Tex. 381, 15 S.W. 2d 1036, this provision was held to be mandatory. Thus, if Art. 13.12, Vernon's Ann. Civ.Stats., is regarded as a part of the general election laws of this State, Edwards' application was clearly insufficient. Appellees contend that Art. 13.12 is not a part of the general election laws, as it applies to primary elections. See, also, Art. 13.-53, Texas Election Code. It is clear that appellants, when confronted with all these situations, acted upon the advice of their counsel, and even though their counsel may have been mistaken in his legal opinion appellants should not be subjected to the harsh remedy of removal from office, where they have sought and followed legal advice. Such conduct cannot be said to be willful and corrupt.

It is true that there are two political parties in the Tabasco School District, and that Hamp Edwards belonged to the opposing party from that of appellants, and their unfriendly political attitude toward Edwards might, to some extent, have prompted them to leave his name off the ballot, but, under all the facts presented, it is not shown that appellants acted willfully and corruptly in leaving Edwards' name off the ballot. Public officials are presumed to do their duty, and where as here a board of laymen sought a legal opinion from a reputable lawyer as to their du-

ties under the circumstances, and then followed that legal opinion they have not acted willfully and corruptly.

In Cornutt v. State, Tex.Civ.App., 55 S.W.2d 160, 163, the Court, quoting from 4 Words and Phrases, Second Series, 1295 [45 Words & Phrases, Willful, p. 224], defined the term "willful" as follows:

"It is not every intentional act that is a willful or wanton act. When used in a penal statute, the word 'willful' means more than it does in common parlance. It means with evil intent, or legal malice, or without reasonable ground for believing the act to be lawful."

The judgment of the trial court is reversed and judgment here rendered that the removal of appellants be denied.