

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXX~~XXXXXX

ATTORNEY GENERAL

Honorable L. D. Hartwell
County Attorney, Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-2529
Re: Payment of city poll tax as pre-
requisite to voting; discrimina-
tion as to sex.

We acknowledge receipt of your inquiry recently sub-
mitted from which we quote:

"The City of Wolfe City in Hunt County,
Texas, through its officials, have published
a statement that the male population residing
in that city will be required to present a
city poll tax before they will be permitted
to vote in a county primary election to be
held on July 27th and further declares that
this rule shall not apply to female voters.
This is a new rule published by the City
Council.

"I would like a ruling of the Attorney
General's Office as to whether the election
judges may permit female voters to vote in a
county primary election in the Wolfe City box
without having paid a city poll tax, and at
the same time prohibit the male voters to
vote in the same election without having
paid the city poll tax."

It is well settled that cities may levy and collect an
annual poll tax. Article 1030, Revised Civil Statutes:

"The City Council shall have power to levy
and collect an annual poll tax, not to exceed
One ($1.00) Dollar <u>of every inhabitant of said
city over the age of twenty-one (21) and under
sixty (60) years</u>, those persons exempt by law
from paying the State Poll Tax excepted, who
is a resident thereof at the time of such an-
nual assessment." (Emphasis ours)

Article 2955, Revised Civil Statutes, reads in part as follows:

"Every person subject to none of the fore-
going disqualifications * * * shall be deemed
a qualified elector * * *; provided that any
voter who is subject to pay a poll tax under
the laws of this State or ordinances of any city
or town in this State, shall have paid said tax
before offering to vote in any election in this
State and holds a receipt showing that said poll
tax was paid before the first day of February
next preceding such election * * *"

Our Opinion No. 0-969, approved June 21, 1939, holds
that the two articles just quoted, when considered together,
disqualify all voters in all elections who fail to pay their
city poll taxes in the manner and within the time provided by
law.  See Powell v. City of Baird, Civ. App., 127 S.W. (2d)
206; Ibid, Supreme Court, 128 S.W. (2d) 786.

From your letter, however, it appears the City Council
of Wolfe City has decreed (by ordinance, we presume) that only
male voters shall be required to present a city poll tax re-
ceipt in order to vote in the July primary, whereas female
voters may vote in such election without having paid such tax.

Prior to the adoption of the Nineteenth Amendment to
the Federal Constitution providing that "the right of citizens
of the United States to vote shall not be denied or abridged
by the United States or by any State on account of sex;"
Article 1030, R.C.S., supra, read as follows:

"The City Council shall have power to levy
and collect an annual poll tax, not to exceed one
dollar, of every male inhabitant of said city over
the age of twenty-one and under sixty years, etc."
(Emphasis ours)

The statute was amended by the Forty-second Legislature
(Acts 1931, 42nd Leg., p. 377, Ch. 223, 81), the words "of
every inhabitant of said city" being substituted for "of every
male inhabitant of said city."  The intent of the Legislature
is thus obvious, without resort to construction; any argument
or contention to the contrary being entirely dispelled by
reading the emergency clause of the amendatory Act: "The fact
that under the present law only male inhabitants of cities
are subject to  poll tax creates an emergency, etc."

You are therefore advised that the City Council of

Wolfe City may not legally require a city poll tax of male persons as a condition precedent to the privilege of suffrage, while granting the ballot to female voters not otherwise exempt, who do not pay the tax.

                              Yours very truly

                          ATTORNEY GENERAL OF TEXAS


                              By s/Benjamin Woodall
                                   Benjamin Woodall
                                        Assistant

BW:EP:wc


APPROVED JULY 15, 1940
s/Grover Sellers
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman