

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Boyd
County Attorney
Henderson County
Athens, Texas

Dear Sir:

Opinion No. 0-3266
Re: Meaning of phrase "legally
qualified voters" in Art-
icle 2806, Revised Civil
Statutes.

This is in reference to your letter of March
12, 1941, requesting the opinion of this department upon
the following question:

"Is it necessary that at least 20 people,
when that number is less than a majority of the
voters, signing a petition for consolidation of
school districts have paid their poll taxes or
be exempt by law from payment of a poll tax?"

Article 2806 of the Revised Civil Statutes pro-
vides that an election shall be ordered by the County
Judge for the consolidation of school districts "On the
petition of twenty (20) or a majority of the legally
qualified voters of each of several contiguous common
school districts, or continuous independent school dis-
tricts, praying for the consolidation of such districts
for school purposes." (Emphasis is supplied.)

A "qualified voter" or "legally qualified voter"
is an elector who meets the qualifications prescribed in
our Constitution (Sections 1 and 2 of Article VI) and Sta-
tutes (Article 2954-2955, et seq. R.C.S.). He is one who
having fulfilled all prerequisites may demand that he be
allowed to vote. The terms upon which men may vote are
plainly set forth in the Constitution. The voter must be
subject to none of the disqualifications set forth in Sec-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Harry Boyd, Page 2

tion 1 of Article VI of the Constitution; he must have attained the age of 21 years; he must be a citizen of the United States who shall have resided in this State one year next preceding the election and the last six months within the district or county in which he offers to vote. There is this further significant requirement:

" . . . . and provided further, that any voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election. . . ." (Art. 2955, R. C. S. Sec. 2, Art. VI, Constitution.)

As stated by the Court in Black v. Pool (97 Tex. 333, 78 S. W. 922):

"The requirements of this section of the Constitution are so plain as to preclude construction. It is clear that it was intended to prescribe, as a condition precedent to the exercise of the elective franchise, that all persons subject, under the Constitution and laws, to payment of a poll tax, should make payment thereof before the 1st day of February next preceding the election."

In Earnest v. Woodlie (Ct. of Civ. App.) 208 S. W. 963, the statute there being construed required the petition of 75 "qualified voters" to organize a county. The court held that payment of a poll tax by those subject thereto was essential to the validity of the signatures on the petition.

In Texas Power & Light Company v. Brownwood Public Service Company (C.C.A., 1937) 111 S.W. (2d) 1225, writ refused, the San Antonio Court of Civil Appeals held that the city council of the City of Brownwood properly excluded,

Honorable Harry Boyd, Page 3

in testing the sufficiency of a referendum petition pre-
sented to them, the names of those more than 60 years of
age who had not secured exemption certificates as not be-
ing "qualified voters" within the provisions of Article
1181 of the Revised Civil Statutes. The court concluded
that when the names of these people were so excluded the
petition did not contain the signatures of 500 bona fide
"qualified voters" prescribed in the statute as a neces-
sary prerequisite to the submission of the franchise in
question to the vote of the people.

On motion for rehearing the Court said:

"The steps required by law for one who
possesses the other attributes of suffrage
prescribed by the Constitution are as essen-
tial, it seems to us, to qualify him as a
voter in the one case as in the other."

The language of the Supreme Court of Texas in
Powell v. City of Baird, 133 Tex. 489, 128 S. W. (2d) 786,
decided May 31, 1939, is this:

"  *  *  *  *

"Simply stated under the above constitu-
tional provision before a voter is qualified
as such, he must pay any poll tax that he is
subject to, which has been levied by authority
of any State law, and such voter must 'hold a
receipt showing said poll tax was paid before
the 1st day of February next preceding such
election.'

"  *  *  *  *

"It is evident from what we have said
that that part of Article 2955, Revised Civil
Statutes, supra, which requires those subject
to the payment of city poll taxes to pay them
in order to qualify as voters in any election,
is valid and constitutional. In fact, under
Section 2 of Article VI of our Constitution,

Honorable Harry Boyd, Page 4

such would be the law absent such part of such Statute. The Statute is merely a statutory declaration of constitutional law."

The case of Willow Hole Independent School District v. Smith (C.C.A., 1938) 123 S. W. (2d) 708, writ refused, presents a similar interpretation of these constitutional and statutory provisions respecting the sufficiency of a petition to dissolve a rural high school district.

It is therefore our opinion and you are respectfully advised that under Article 2806 of the Revised Civil Statutes a petition for the consolidation of school districts must be signed by at least 20 or a majority of the legally qualified voters of each of the school districts to be consolidated; and that in order to be a "legally qualified voter" one must have paid his poll tax or be exempt therefrom by law, and, if exempt, he must have obtained an exemption certificate if, as and when required by law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Edgar Pfeil
Assistant

APPROVED MAR 14, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN