**STATE ex rel. LUKOVICH v. JOHNSTON et al.**

No. 12159.

Court of Civil Appeals of Texas. Galveston.

Feb. 2, 1950.

Rehearing Denied March 9, 1950.

Al L. Crystal, of Houston, Robert R. Thornton and Bryan F. Williams, Jr., both of Galveston, and Raymond E. Magee, County Attorney, of Galveston, for appellant.

Markwell & Stubbs, of Galveston, Attorneys, Sherwood Brown, Jr., Henry W. Flagg, Walter Ressel, Stone & Phipps and Vincent J. Licata, all of Galveston, of Counsel, for appellee Johnston.

MONTEITH, Chief Justice.

This is a quo warranto action brought in the district court of Galveston County upon relation of one Ambrose Lukovich, a candidate for the office of Police-Fire Commissioner of the City of Galveston in a municipal election held on May 10, 1949, against respondent, Walter L. Johnston and three other candidates for said office. The Mayor and the other Commissioners of the City of Galveston and certain election officials in said election were made parties to the suit. Respondent Walter L. Johnston was declared elected to the office of Police-Fire Commissioner and is now in possession of the office.

Relator alleged that he had received 20 more votes in said election than his nearest opponent, respondent Walter L. Johnston, and that he had been elected to said office, but that through illegalities and fraud, accidents and mistakes in the manner of holding said election and counting the ballots cast, respondent Johnston was credited with having been elected to the office by a majority of 29 votes.

At the close of the evidence, in a trial before the court, Relator sought an order from the court requiring that the ballot boxes from certain precincts of the city, in which irregularities and mistakes were alleged to have occurred, be opened, that the ballots found therein to have been illegally cast be excluded and that those ballots which were found to have been legally and properly cast, be recounted. This motion was denied and judgment was ren-

dered denying Relator the relief sought. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

The charter of the City of Galveston provides for the election of four commissioners, including a Fire-Police Commissioner, who shall hold office for a period of two years.

The record shows that Relator, Ambrose Lukovich, was born in Austria on December 7, 1906. His father, Anton Marco Lukovich came to the United States from Austria in 1898, but returned to Austria where he was married in 1905. He testified that he became a naturalized citizen in 1902. Relator introduced in evidence the records of the county court of Galveston County showing that a certificate of naturalization was issued to Tony Lucovich on the 16th day of August, 1902.

■ Respondent contends, under appropriate counter-points, that it is undisputed in the record that Relator's father had not resided in the United States a sufficient period of time next preceding the date of his naturalization. No direct attack was made by Respondent on the County Court records of the naturalization proceedings and under the rule announced in the case of Johannessen v. United States, 225 U.S. 227, 32 S.Ct. 613, 56 L.Ed. 1066, "a judgment of a competent court admitting a person to citizenship is, like every other judgment, competent evidence of its own validity".

Under appropriate counter-points Respondent contends that Relator failed in the trial court to make the necessary proof that he was a candidate for the office of Fire-Police Commissioner in said election; that he had the required qualifications for that office or that he received the number of votes he was credited with receiving in said election.

This contention cannot, we think, be sustained.

■ It seems to be the settled law in this state that a trial court is required to take judicial notice of the fact that a municipal election was held in the city in which the court is situated and the general result of the election. Lamm v. Chambers,

Tex.Civ.App., 18 S.W.2d 212; State ex rel. Harvey v. Wright, 251 Mo. 325, 158 S.W. 823, Ann.Cas.1915A, 588; In re Denny, 156 Ind. 104, 59 N.E. 359, 51 L.R.A. 722, 17 Tex.Jur. 196, 20 Am.Jur. 86.

The controlling question to be determined in the appeal is whether reversible error was committed by the trial court in refusing to open the ballot boxes in precincts in which there was evidence that illegal ballots had been cast for the purpose of eliminating the ballots found to be illegal and retabulating the votes found to be legal.

Article 3148, Vernon's Ann.Civ.St., provides in substance that in election contest cases where charges of fraud and illegality are supported by some evidence and the ends of justice seem to require it, the court shall have authority to unseal and reopen the ballot boxes and recount the ballots cast to determine controverted issues.

Under his first point of error Relator complains of the action of the trial court in refusing to eliminate the votes cast in precinct No. 14, for the alleged reason that the election judge in that precinct had testified that he had assisted at least 23 voters in marking their ballots who were not physically disabled and had deposited the ballots in the ballot boxes and that he had occupied the voting booth alone with them. He testified, however, that he could not identify the voters he had assisted.

Article 3010, B.C.S., provides in substance that not more than one voter at the same time shall be permitted to occupy a voting booth; that no assistance shall be given a voter in preparing his ballots except when the voter is unable to himself prepare the ballot because of some bodily infirmity such as renders him unable to write, in which event two judges shall assist him, they having been duly sworn that they will not suggest how such voter shall vote.

Said article provides that where any assistance is rendered other than as therein allowed the ballot shall not be counted and shall be void for all purposes.

Relator contends that since there were 339 ballots cast in this precinct of which 92 were credited to Relator and 156 were

credited to appellee, the elimination of the votes cast in this precinct would result in a majority of 35 votes in favor of Relator in said election.

Relator assigns error in the refusal of the trial court to open the ballot boxes containing votes alleged to be illegal because they were cast by persons who did not live in the precincts where they voted. for the alleged reason that there were a sufficient number of such illegal votes to have changed the result of said election if they were eliminated.

Article 2936, R.C.S., provides that "All voters shall vote in the election precinct in which they reside."

In the case of Linger v. Balfour, Tex. Civ.App., 149 S.W. 795, it was held that a voter had not resided in the county during the six months next preceding the election nor in the precinct where he voted, and his vote was therefore illegal and should have been deducted from contestee's total.

Relator in his pleadings listed the names of 51 persons who were alleged to have voted in precincts where they did not live and therefore illegally cast.

Relator also complains of the alleged error of the trial court in refusing to open the ballot boxes in precinct 17 for the purpose of permitting Mrs. Bessie McCoy, the election judge of that precinct, to identify the ballots numbered and signed by her. Mrs. McCoy testified that she only numbered and signed between 50 and 80 ballots of the 341 ballots cast, and that the other ballots that were not numbered or signed by her were numbered and signed by other workers in the precinct and that she did not authorize anyone to either number or sign her name to any of such ballots.

Article 3018, R.C.S. provides in effect that when an election is held, the counting judges and clerks of the precincts shall familiarize themselves with the signature of the judge who writes his name on each ballot that is voted and shall count no ballot that does not bear the judge's signature or is unnumbered.

In the case of Arnold v. Anderson, 41 Tex.Civ.App. 508, 93 S.W. 692, it is held that this Statute is mandatory and that the purpose of the Act is to enable them to determine the signature signed to the ballot to be the signature of the judge and that any ballot that did not bear his signature should not be counted.

In the case of Walker v. Mobley, Tex. Civ.App., 105 S.W. 61, 63, the court in construing said Article 2936, said " 'The language used indicates clearly that he must, in person, sign his name, and that any ballot that does not bear his signature should not be counted.' * * * The legislative will upon such a subject when clearly expressed must control. Nor does it answer the contention to say the election was fairly and honestly conducted and the result found was the true and honest expression of the electors participating therein. No case is cited in which it is held that, where a mandatory statute has been violated, it must be further shown that such violation must be accompanied by actual fraud, in order to prevent the counting of the ballots".

The case of Turner v. Teller, Tex.Civ. App., 275 S.W. 115 and Ramsey v. Wilhelm, Tex.Civ.App., 52 S.W.2d 757, are in accord with the rule announced in the Walker v. Mobley case.

The election judge who presided in precinct 17 testified that she numbered and signed some of the ballots and that some other people numbered and signed others. —She estimated that she personally signed over half of the ballots.

While it is the settled law that, in a trial before a court without a jury, every disputed fact will be presumed to have been resolved by the court in support of the judgment rendered where there is ample evidence in the record to support the judgment, it is, we think, obvious that in this action neither the trial court nor this court can determine from the record before us, without a recount of the legal ballots cast, whether Relator is entitled to the relief sought.

It follows that the judgment of the trial court must be reversed and the cause remanded for a new trial consistent with this opinion.

Reversed and remanded.