**H. H. BOROUGHS, Appellant,**

v.

**O. O. WILLIAMSON, Appellee.**

No. 5260.

Court of Civil Appeals of Texas.

El Paso.

April 16, 1958.

Rehearing Denied May 7, 1958.

Scarborough, Yates, Scarborough & Black, Abilene, Thomas L. White, Monahans, for appellant.

Hill D. Hudson, Pecos, Robert Ziesenheim, Monahans, for appellee.

WILLIAMS, Justice.

Appellant, H. H. Boroughs, was a write-in candidate for the office of County Commissioner, Precinct 3 of Ward County, Texas, in the general election held November 6th, 1956. He was declared elected by a vote of 270 to 260 over the incumbent and only other candidate, O. O. Williamson. Commissioner's Precinct 3 of Ward County originally contained only one election precinct, or voting place, which was designated number three and was located at Grandfalls, Texas. In 1937 the Commissioner's Court established a second election precinct in Commissioner's Precinct 3 by carving a new election precinct out of the old. This new election precinct voted at Royalty, Texas, and was designated number five. Grandfalls and Royalty are each small towns in the southern part of Ward County, and are only some two or three miles apart. Appellee, Williamson, filed this suit in which he prayed that he be certified as elected. He also prayed that the costs be adjudged against appellant. Appellant made a timely demand for a jury and deposited the jury fee, but the trial court refused him a jury trial on the basis that it was an election contest, and that he was not entitled to same. The trial court entered judgment which: (1) declared appellee the true winner of the election because he found that

some 29 voters, who voted for appellant, voted at Grandfalls (Precinct 3), when they actually lived in Royalty Precinct (No. 5); (2) adjudged all costs against the appellant; (3) declared that upon taking the oath of office and filing his bond, the appellee be empowered as County Commissioner and thereafter receive the emoluments of the office; and (4) directed the clerk to issue a certificate to the county judge that appellee was the duly elected Commissioner of Precinct 3, Ward County, Texas.

Appellant's points of error are, in substance, as follows:

(1) the trial court erred in declaring certain votes illegal, because the division line which purported to divide the two election precincts, was not established by competent evidence;

(2) the trial court erred in declaring certain votes illegal as having been voted in the wrong election precinct, because all those votes were cast by qualified voters holding valid poll taxes, who cast their votes in good faith and who, along with the County Tax Assessor, were innocently confused and mistaken as to the true boundaries of said election precincts;

(3) the trial court erred in refusing the appellant a trial by jury, because this was a suit for office and its emoluments and not an election contest;

(4) this suit should be dismissed because there was no valid service of notice of contest, if the suit is to be held an election contest.

■ In a former opinion we sustained appellant's Point 3 and held that, although the parties referred to this suit as an "election contest", it was, in truth and in fact, a suit for an office and its emoluments, and that, therefore, appellant was entitled to a trial by a jury. For this conclusion we relied largely on Shipman v. Jones; Tex. Civ.App., El Paso 1917, 199 S.W. 329. We were also led to this conclusion because the judgment of the court says, in part:

"(a) and that he thereafter received the emoluments of such office."

In 15B, Tex.Jur. 580 it is said, in part:

"The nature of the judgment which may be entered distinguishes a statutory election contest from other proceedings. The decree is characterized by the fact that it does not determine in favor of one party as against another any matter of private right but only a matter of public policy."

In his motion for rehearing, appellee distinguishes Shipman v. Jones in several respects from the instant case, especially on the basis that, in that case, the contestee had already taken office and certain emoluments had accrued, and also on the basis that no attempt had been made to comply with the election contest requirements. In the instant case the contestant was still in office, and the contestee was not to take office for some 40 days thereafter, although he had been certified as the winner of the election. Appellee also. calls our attention to the fact that the contestant did not plead for any emoluments of office, as none were at that time due, and that the judgment of the court only provides for the emoluments to accrue after the contestant be declared the winner and takes office under the instant election. This is no more than declaring what the law provides. Clearly, if he takes office, he would be entitled to the emoluments accruing thereafter. The Shipman case cites Williamson v. Lane, 52 Tex. 335, and State ex rel. Jennett v. Owens, 63 Tex. 261, as laying down the proper distinction between an election contest and a suit for office. A careful reading of those two cases and the other authorities hereinafter referred to convinces us that we were in error in holding that this was a suit for office, and not an election contest. As above pointed out, contestant (appellee herein), was holding the office in question by virtue of a prior election when he filed this suit, which he denominated an election contest. He gave notice that it was an election contest, setting out the grounds, as will be hereinafter dis-

cussed under Point 4. He did not ask for any emoluments of office, but merely prayed that certain votes be declared illegal, and that he be duly certified as elected to such office. Throughout the pleadings of both parties, and in the judgment itself, the parties were referred to as "contestant" and "contestee", and the cause was referred to as an election contest. 15B Tex.Jur. 559 states that, under circumstances similar to these:

> " * * * the petition cannot be construed as presenting any cause of action independent of a suit to contest an election * * *."

A fortiori, appellee had a right to elect such a proceeding. Gates v. Hays, Tex.Civ.App. San Antonio 1936, 95 S.W.2d 1020 (err. dism.). Therefore, we conclude that we were in error in saying that this was not an election contest (discussed further under Point 3), and our original opinion is hereby withdrawn and this one entered in its stead.

### Point 1

■ A civil engineer, named Jones, prepared a plat of this part of the county, on which he designated by a line where he determined the division line between the election precincts 3 and 5 to be. This plat was introduced in evidence. Mr. T. H. Neal testified that he had resided in Ward County for 28 years and practiced law, and had also operated an abstract plant in the county, and that he knew there was only one drainage district in the vicinity of Grandfalls, and that it was known as Grandfalls Drainage District No. 2. The Commissioners' Court resolution creating voting precinct 5 says, in part:

> "Voting precinct No. 5 shall have the same boundary line of the East, West and North of original voting precinct No. 3 and the South boundary line, dividing voting precinct No. 5 from the south part of the original voting precinct No. 3 shall be the

> North boundary line of Grandfalls Drainage District No. 2 of said County."

Mr. Jones testified that he used the metes and bounds description of this Drainage District to locate this line between the two voting precincts. From the plat, and much testimony from each voter with respect to which side of the line he lived on, the trial court determined which voters had voted outside of the precinct of their residence. We conclude that there was ample evidence for the trial court to make these determinations, and overrule appellant's Point 1.

### Point 2

■ After hearing the case on the merits, the trial judge declared some 29 votes cast for appellant at Grandfalls (Precinct 3) illegal. Most of these were declared illegal because the trial judge found that they, in fact, lived in Precinct 5 (Royalty voting box). The undisputed evidence showed that many of these voters had voted at Grandfalls for years, and honestly thought that that was where they should vote, because they did not know where the dividing line was. Many of them possessed poll taxes which designated Precinct 3 (Grandfalls) as their box. They were entitled to vote in the Commissioner's race, regardless of which place they voted. Yet the trial judge considered them illegal, and declined to count them. This caused him to declare appellee elected. Appellant insists that these votes were legal, and relies largely on Tondre v. Hensley, Tex.Civ. App. San Antonio 1949, 223 S.W.2d 671, and Massay v. Studer, Tex.Civ.App., Amarillo 1928, 11 S.W.2d 227. Some language in these cases, and others, seems to support appellant's contention; but since they were decided, the Supreme Court, in Harrison v. Jay, 1954, 153 Tex. 460, 271 S.W.2d 388, has, in our opinion, held to the contrary. The Supreme Court in this case indicates that if all of the voters went across the line and voted where the judges had set up the voting box, that it might consider

those votes legal. However, under facts almost identical to those of the instant case, it holds them illegal. Harrison v. Jay, Tex. Civ.App. Eastland 1954, 280 S.W.2d 636, 638, in following the Supreme Court in the above case, says:

"The fact that the voter believed that he lived in a different precinct did not justify his voting there. G. R. Rakeshaw did not vote in the precinct of his residence, and his vote was illegal."

The Eastland court cites with approval and quotes from McCormick v. Jester, 53 Tex. Civ.App. 306, 115 S.W. 278, which points out that the Constitution requires the voter to vote in the precinct of his residence, and definitely holds that if he does not do so, his vote is illegal. Vernon's Ann.St.Const. art. 6, § 2. We therefore hold that Harrison v. Jay is controlling in the instant situation, and find no error in the trial court's action in this regard. Appellant's Point 2 is overruled.

### Point 3

■ We have heretofore concluded that this was an election contest, and therefore, appellant's Point 3 is overruled.

Turner v. Allen, Tex.Civ.App. Beaumont 1923, 254 S.W. 630 (error dismissed), is a case in which the controlling facts are almost identical with those of the instant case, and in which the original pleading was likewise very similar. According to Sheppard's Citator this case has, many times, been cited with approval, and its correctness has never been questioned. The court therein decided that the petition therein constituted an election contest, and not a suit for office. Notwithstanding that in said case there was an amended pleading filed by contestant, alleging that the office was one of greater value than $500 and that contestant was entitled to the emoluments of the office. All parties conceded that the original pleading constituted an election contest and the court held that even the amendment above did not change

this situation, because the petition, as a whole, was an election contest, and that the contestant offered no proof as to the value of the office or the amount of the emoluments due. Under this authority and the Supreme Court decisions cited above, and many others of a similar nature, we are of the opinion that contestant elected to proceed by way of an election contest, and that his pleading constitutes such a proceeding.

As pointed out above, neither party was entitled to this office under the challenged election for some 40 days after the instant suit was filed. To be a suit for office, a prerequisite is the immediate right thereto. Shipman v. Jones, supra. In 15B Tex. Jur. 585, section 192, it is said:

"* * * the immediate right of the plaintiff to the office and its fees and emoluments is the purpose and direct subject matter of the suit."

This being an election contest, appellant was not entitled to a trial by jury. Rouw v. Harrington, Tex.Civ.App. San Antonio 1955, 281 S.W.2d 746, and cases therein cited.

### Point 4

■ By Point 4 appellant urges that, should we find that this was an election contest, then the case should be reversed and dismissed because there was no valid service of notice of contest or intent to contest the election. We find no merit in this contention, and Point 4 is, accordingly, overruled.

Immediately after the election, and within the time required by the statute, appellant was served with citation requiring him to appear and answer. To this citation was attached a copy of appellee's original petition. Citation was later quashed, because it inadvertently showed that it was issued September 20, 1956, although the body of the citation recites that the petition was filed November 20, 1956. Appellant waived the further service of citation. Quashing the service of citation in no way

disturbed the fact that he had been served with a copy of the petition. This petition gave him all the notice that he was authorized to receive, and has many times been held sufficient notice of the contest. Ferguson v. Commissioners Court, Tex.Civ. App., 230 S.W.2d 303.

Wherefore, appellee's motion for rehearing is granted, and, finding no error in the action of the trial court, its judgment is affirmed. Appellant's motion for rehearing is overruled.