Leighton **TEEPLE**, Appellant,

v.

Bill **BEEDY**, Appellee.

No. 6842.

Court of Civil Appeals of Texas. Amarillo.

Sept. 25, 1958.

E. H. Boedeker, Lubbock, for appellant.

Ben P. Ayres, Floydada, for appellee.

PITTS, Chief Justice.

This is an appeal from a judgment involving an election contest for County School Trustee in Commissioner's Precinct No. 3 in Floyd County, Texas, wherein appellee, Bill Beedy, was contestant in the trial court and appellant, Leighton Teeple, was the contestee, there finally being only one vote difference in their votes received. The case, being of the nature it is, was advanced in this Court for submission and oral argument by agreement of the parties and heard by us on September 24, 1958. Originally there were eight votes involved in the contest but appellee, the contestant below, withdrew his contest as to two of the said votes cast, admitting they were legal and appellant, contestee below, conceded that four of the said votes cast upon which he was relying were illegal, thus reducing the controversy to the question of the legality of two votes cast by J. K. West and wife, Mrs. J. K. West, who voted for contestee, Leighton Teeple.

The case was tried to the trial court without a jury upon an agreed stipulation of facts, which reveals at length the grounds for contesting the election, the proceedings in ordering the county school trustee election to be held on April 5, 1958, and designating the places in the various school districts for holding such election, the results of the election, and reflecting the proceedings after such election was held. Upon calling the case for trial and hearing all parties on May 22, 1958, the trial court took the matter under consideration until June 25, 1958, before it actually signed and entered its judgment finding and declaring in effect that the votes cast for contestee, Leighton Teeple, by J. K. West and Mrs. J. K. West were illegal and must not be counted, leaving a total of 34 votes received by Bill Beedy, contestant and appellee herein, and a total of 33 votes received by Leighton Teeple, contestee and appellant herein, for which reason it was declared, ordered and decreed by judgment entered that Bill Beedy was duly elected to the office of County School Trustee of Precinct No. 3 of Floyd County, Texas.

Appellant perfected his appeal and presents three points claiming in effect that the votes cast by J. K. West and his wife were legal; that J. K. West and wife should not be disfranchised for "voting in their election precinct instead of their school district in the County School Trustee Election" when the order for such election and the Statute pertaining thereto did not define in plain, clear language the election precincts for holding the election in question and that the trial court erred in construing Article 2676, R.C.S., as a restrictive Statute rather than a liberal Statute. We do not find in appellant's pleadings any challenge of the election order calling the election or any of the other proceedings had as a prerequisite to the election although he did allege that the language of the Statute is confusing.

The record reveals that the only school districts then existing in Commissioner's Precinct No. 3 of Floyd County were the Floydada Independent School District, which overlapped into other precincts, and the South Plains Common School District, which also overlapped into another precinct, and that elections for county school trustee, as well as for district school trustees, were ordered held at a specific polling place in each district by the proper school authorities and that, while J. K. West and wife were at all relevant times residents of the Floydada Independent School District, they on this occasion voted for county school trustee at the polling place designated by the

school authorities in the South Plains Common School District, which was outside of the district in which they resided.

The controlling question to be here determined is whether or not the votes cast by J. K. West and wife, outside of the school district in which they lived, are illegal because they cast such votes at a voting place in a district other than the district in which they admittedly lived and resided. In our opinion, this question has been recently determined against the contentions here made by appellant in the Supreme Court's opinion handed down in the case of Harrison v. Jay, 153 Tex. 460, 271 S.W.2d 388, 389, wherein the Court said in part:

"Article 2.06 of the Election Code, V.A.T.S., is very clear and provides: 'All voters shall vote in the election precinct in which they reside'. This language needs no construction or explanation and by its very terms requires that a voter must cast his vote in the voting precinct where he resides. The decided cases have held this requirement must be obeyed if the vote is to be counted. McCormick v. Jester, 1909, 53 Tex.Civ. App. 306, 115 S.W. 278, writ dismissed, want of jurisdiction; Linger v. Balfour, Tex.Civ.App. 1912, 149 S.W. 795; Major v. Loy, Tex. Civ.App.1941, 155 S.W.2d 617; Spraggins v. Smith, Tex.Civ.App.1948, 214 S.W.2d 815; Tondre v. Hensley, Tex. Civ.App.1949, 223 S.W.2d 671; State ex rel. Lukovich v. Johnston, Tex.Civ. App.1950, 228 S.W.2d 327, writ dismissed, want of jurisdiction * * * When a voter leaves his own polling place to vote at a polling place not used by the voting residents of his own residence district, his ballot has not been allowed to count."

More recently it has been held early this year in the case of Boroughs v. Williamson, Tex.Civ.App., 312 S.W.2d 717 (writ dismissed) that votes cast in the wrong precincts were illegal, even though some of such voters had voted in one of such places for years and honestly believed that such place was the proper place for them to vote, nevertheless their votes were cast in the wrong precinct and were therefore declared to be illegal. It is required that such rules be observed in elections concerning school affairs as well as other matters. Anderson v. Crow, Tex.Civ.App., 260 S.W.2d 227 (petition for mandamus denied).

The record reveals that the trial court followed the pronouncements of the law found in the foregoing cases cited and likewise observed the provisions of the Statute as found in Article 2676 as amended, Vernon's Ann.Civ.St.

It is obvious that the foregoing and other authorities require all valid votes cast at an election such as we are here considering to have been cast at the polling place fixed or designated within the bounds of the district where the voter resides by the legal authority calling the election and at no other place. This J. K. West and wife failed to do. Consequently, the trial court correctly held their votes to be invalid.

In our opinion the trial court properly held also that the election order and notices calling for the election in question complied substantially with the provisions of the Statute, for which reason any complaint about this matter was properly overruled.

After carefully examining the record and the briefs, appellant's points are all overruled and the judgment of the trial court is affirmed.