**Emilio B. SALMON, Appellant,**

v.

**Sam MATHER, Appellee.**

**No. 5725.**

Court of Civil Appeals of Texas.

El Paso.

Sept. 2, 1964.

Mae M. Ament and Richard E. Bowers, Alpine, for appellant.

Bruce C. Sutton, Alpine, Albert Armendariz (amicus curiae), El Paso, for appellee.

PER CURIAM.

This is an appeal from a judgment of the District Court of Brewster County, Texas in an election contest case. In the second primary election for nomination for the position of County Commissioner of Precinct 3 of Brewster County held June 6, 1964 in which appellant and appellee were the only candidates, the County Democratic Executive Committee of said county certified that appellant (Contestee) Salmon had received 145 votes and appellee (Contestant) Mather had received 144 votes. The appellant having been declared the winner of said second primary, appellee filed his contest of said election in the district court where the case was heard without a jury. The judge of said court entered his judgment declaring appellee the nominee in such election, having received 145 legal votes as against 141 legal votes for appellant. The latter appeals.

Appellant's five points of error challenge the trial court's findings that nine votes cast for appellee were legal votes, and urge that such findings concerning legal residence of the voters in Precinct 3 were against the great weight and preponderance of the evidence.

The following principles govern the decision of this court in passing upon an appeal from a decision of a district court in an election contest such as this:

■ Article 2.06 of the Texas Election Code, V.A.T.S. provides that all voters shall vote in the election precinct in which they reside. Harrison v. Jay, 153 Tex. 460, 271 S.W.2d 388 (1954); Boroughs v. Williamson, 312 S.W.2d 717 (Tex.Civ.App., 1958; dism.); Teeple v. Beedy, 316 S.W.2d 311 (Tex.Civ.App., 1958; N.W.H.). "Residence" is defined in Article 5.08 (as amended), Texas Election Code, but while the residence of a married man is ordinarily determined by his wife's residence, such rule is not without exception, and residence is a question which must be determined by reference to the actual facts and circumstances, one of which is intention. Cavallin v. Ivey, 359 S.W.2d 910 (Tex.Civ.App., 1962; N.W.H.). And there is a presumption in favor of the validity of a vote cast (Ibid.).

■ Appellant's points of error are "insufficient evidence" points, all relating to the qualification, because of residence, of nine voters to cast their ballots in Precinct 3 of Brewster County. If there is evidence

of probative force tending to sustain the findings of the court and evidence tending to refute such findings, the rule is that, considering all the evidence, if the findings are so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust, we must sustain the points and order a new trial; otherwise, we must overrule the points and affirm the judgment of the trial court. 38 Texas Law Review 367, 368 (Calvert, 1960).

 With these principles in mind, we have carefully examined all the evidence offered as to the residence of these nine voters, and find that issues of fact were raised by the evidence in this respect for the trial court to pass upon. We hold that there was evidence of probative force to support the trial court's findings upon these voters, and that the evidence is sufficient to support the trial court's findings. Mitchell v. Jones, 361 S.W.2d 224 (Tex.Civ.App., 1962; N.W.H.). Appellant's five points of error are accordingly overruled.

Appellee sets out four cross-assignments attacking the residence of five voters whose votes were cast for appellant. We would apply the same reasoning in overruling these cross-assignments as is outlined above in overruling appellant's points; but regardless of how we ruled on these cross-assignments, the ultimate result would not be changed. The same is true of appellee's fifth assignment which asserts error on the part of the trial court in not matching two unsigned ballot stubs with their respective ballots and declaring the latter void. Should this be error, it would be harmless error since the ultimate result would not be changed. All cross-assignments are overruled.

A written motion has been presented to us for leave to file amicus curiae brief herein. Such leave is hereby granted. An examination of this brief reveals, however, that it raises points not presented to this court by either of the parties hereto in the assignments or cross-assignments of error.

Nevertheless, the amicus curiae brief has been considered, but, since the points raised therein are not germane to any assignments of error properly before this court, we find it unnecessary to discuss them.

We affirm the judgment of the trial court holding that appellee Sam Mather, having received a corrected total of 145 votes, as against a corrected total of 141 votes cast for appellant Emilio B. Salmon, is declared to be the Democratic nominee at said second primary, and that the name of the said Sam Mather be so certified to the Chairman of the Brewster County Democratic Executive Committee. No motion for rehearing in this cause will be entertained by this court.