Joe C. CHANDLER, Relator,

v.

Linda O'NEAL, Respondent.

No. A14–84–264–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 12, 1984.

Travis E. Kitchens, Evans & Kitchens, Groveton, for relator.

Joe Warner Bell, III, Trinity County Atty., Groveton, for respondent.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

Relator has presented his motion for leave to file petition for writ of mandamus seeking to order Respondent to pay Relator his monthly salary as the duly elected and qualified Justice of the Peace, Precinct No. 2, Trinity County, Texas. Relator presents evidence showing that after filing to have his name placed on the ballot for the election of the Trinity Independent School District Board of Trustees on March 7, 1984, the County Attorney ruled that under the provisions of Article XVI, § 65 of the Constitution of the State of Texas, that such announcement of candidacy constituted an automatic resignation of the Office of Justice of the Peace. Based on such ruling he is not being paid.

Relator contends that, under *Robert A. Turner v. Trinity Independent School District Board of Trustees, et al,* No. A14–83–109CV (Tex.App.—Houston [14th Dist.] March 17, 1983, no writ) (not yet reported), he was not constitutionally disqualified from holding both the office of Justice of the Peace and uncompensated member of the School Board under applicable constitutional principles. He contends that Article XVI, § 65 was amended in 1958 for the purpose of dealing with the *transition* from two year to four year terms of office and his situation is governed by the more specific provisions of TEX. CONST. art. XVI, § 40, which provides in part "No Person shall hold or exercise at the same time, more than one civil office of emolument, *except that of Justice of the Peace* (emphasis ours) ... unless otherwise specifically provided herein..." Relator further contends that Article XVI, § 40 was amended in 1972 to provide in pertinent part:

State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts ... provided, however, that such state employees or other individuals shall receive no salary for serving as members of such governing bodies.

Relator also takes the position that his so called "resignation" contemplates *accept-*

*ance* of such resignation by the proper authority, and that such acceptance has not occurred in the instant case. He claims under *Scherz v. Telfer,* 74 S.W.2d 327 (Tex. Civ.App.—Austin 1934, no writ) that a school board election is not a special election. From this he concludes that his election is neither a special, general, nor primary election within the meaning of law, and hence Article XVI, § 65, (even if applicable), would not disqualify him.

It should be noted that the instant petition does not seek enforcement of our decision in *Turner.* Apparently, the decision in *Turner* was observed and given effect by the parties. Secondly, this petition does not seek relief under any provision of the Election Code. Therefore, our jurisdiction, if any, would have to come from TEX.REV. CIV.STAT.ANN. art. 1824 (Vernon Supp. 1984), as amended, which reads:

> Said Courts or any Justice thereof, in vacation, may issue all writs of Mandamus agreeable to the principles of law regulating such writs, against any Judge of a District or County Court.

The relief sought is against the County Treasurer and not against any judicial officer. If within our jurisdiction, we would be inclined to grant leave to file this petition for mandamus and set it for appropriate hearing in view of the interesting and serious questions presented which apparently have some merit. However, we are persuaded that we have no such jurisdiction and therefore decline to grant leave to file Relator's Petition for Writ of Mandamus.

Leave to file Petition for Writ of Mandamus is denied for lack of jurisdiction.