NO. 07-02-0350-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 5, 2002



______________________________




IN RE MICHAEL SCOTT




_________________________________



Before REAVIS and JOHNSON, JJ, and BOYD, SJ. (1)

 Relator Michael Scott, who is an indigent prisoner acting pro se, has filed a petition
for writ of mandamus asking us to order respondent, the Potter County District Attorney,
to file his application for a temporary restraining order, present it to a district judge and 
compel that judge to make a ruling on his application. Relator also refers in his application
to a criminal complaint he sent to the district attorney's office in December, 2001, which
he alleges the district attorney failed to act on. 

 Initially, we note that relator has not complied with the Rules of Appellate Procedure
in that he has not included a table of contents, index of authorities, or a certified or sworn
copy of any order complained of or any other document showing the matter complained
of. Tex. R. App. P. 52.3. Relator has included a handwritten application for temporary
restraining order, but there is nothing on it to certify that this is a copy of the document sent
to the district attorney's office.

 Even if relator had strictly complied with the procedural requirements, mandamus
will only issue to correct a clear abuse of discretion or violation of a duty imposed by law
where there is no other adequate remedy by law. Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985). A court of appeals may issue a writ of mandamus only
against a judge of a district or county court or a judge of a district court who is acting as a
magistrate of a court of inquiry under Chapter 52 of the Code of Criminal Procedure. Tex.
Gov't. Code Ann. § 22.221(b) (Vernon Supp. 2002). There is no authority for us to issue
a writ of mandamus against an official other than the ones prescribed by statute. See
Casner v. Rosas, 943 S.W.2d 937, 938 (Tex.App.--El Paso 1997, no writ); Chandler v.
O'Neal, 668 S.W.2d 914, 915 (Tex.App.--Houston [14th Dist.] 1984, no writ). Accordingly,
we are without jurisdiction to consider relator's petition for writ of mandamus to issue
against the district attorney. (2) 

 Further, even though relator requests that we compel a district judge to act on his
application, the evidence before us shows the application for temporary restraining order
has never been filed. To be entitled to mandamus relief, a relator must show that a lower
court has a legal duty to perform a nondiscretionary act, relator has made a demand for
performance, and the lower court refused that request. Stoner v. Massey, 586 S.W.2d
843, 846 (Tex. 1979). Without the application having been filed, there is no showing that
the trial court has any current duty to act. 

 Finally, with respect to relator's criminal complaint which he alleges he previously
tried to file with the district attorney, no certified or sworn copy has been provided. 
Respondent has provided a copy of the complaint and asserts it has been forwarded to the
Office of the Inspector General, Chief of Administrative Support, Huntsville, Texas, and
respondent has not yet received a criminal referral. Relator has requested no relief from
this court regarding the complaint, and we will therefore not address it further. See Tex.
R. App. P. 52.3(i). 

 In summary, we conclude that we are without jurisdiction to consider relator's
petition for writ of mandamus against the Potter County District Attorney. The remainder
of his petition must be and hereby is overruled. 

 Per Curiam

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

2. Parenthetically, we know of no authority which imposes a duty on the district
attorney's office to file an indigent inmate's application for injunctive relief related to the
conditions of his incarceration with the district clerk's office or any authority which would
prevent an indigent inmate from making that filing himself. 



lined to do. Moore was not contacted at all by appellant after the
last written report in May, 1998, except for the one telephone call in July.

 Moore testified that during the months of June and July, 1998, which were two of
the months during which the State alleged that appellant did not report as he should have,
the probation department of the100th Judicial District had transferred appellant's probation
to Terry County, Texas, for supervision, and appellant was to report to the Terry County
probation office, as well as reporting in writing to the 100th Judicial District office. 
According to Moore, the Terry County office closed its supervision of appellant's probation
and transferred supervision back to the 100th Judicial District probation office on July 21,
1998. After Terry County returned supervision of appellant's probation to the 100th
Judicial District in July, appellant would not have been able to comply with his probation
requirement by reporting to anyone in Terry County. 

 Appellant testified that he did not report to his Terry County probation supervisor 
 during specific dates in June and July, 1998, when he was to report weekly as part of a
rehabilitation program which he was undergoing. He claimed to have been hospitalized
during part of August, 1998, but did not offer an explanation for the complete failure to call
or report in writing to the probation office during that time. Appellant did not testify that he
reported to the 100th Judicial District probation office either in person or in writing at any
time after the Terry County probation office closed its supervision of his probation on July
21, 1998, and returned supervision to the 100th Judicial District office. 

 There is some evidence that appellant did not report to the trial court monthly, as
he was required to do, in any manner, after the telephone call to Moore in July, 1998, even
if such telephone call were to be considered as a "report." Viewing the evidence in the
light most favorable to the trial court's determinations, as we must, we conclude that the
trial court's decision that appellant failed to report in any manner, either in writing or in
person, during one or more of the months of August, September and October, 1998, would
be supported by some evidence. See Brumbalow, 933 S.W.2d at 300. Evidentiary
support for a determination that appellant failed to report for any one of the months alleged
by the State is sufficient evidentiary support for revocation. See Moses, 590 S.W.2d at
470. Accordingly, the trial court did not abuse its discretion in revoking appellant's
probation. Id. We overrule appellant's first and second issues. 

CONCLUSION

 Having concluded that the trial court did not abuse its discretion in finding that
appellant violated a term of his probation as alleged by the State, and having overruled
both of appellant's issues, we affirm the judgment of the trial court. 


 Phil Johnson

 Justice




Do not publish.