NO. 07-02-0350-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 5, 2002

_____

IN RE MICHAEL SCOTT

_____

Before REAVIS and JOHNSON, JJ, and BOYD, SJ.[1]

Relator Michael Scott, who is an indigent prisoner acting pro se, has filed a petition for writ of mandamus asking us to order respondent, the Potter County District Attorney, to file his application for a temporary restraining order, present it to a district judge and compel that judge to make a ruling on his application. Relator also refers in his application to a criminal complaint he sent to the district attorney's office in December, 2001, which he alleges the district attorney failed to act on.

Initially, we note that relator has not complied with the Rules of Appellate Procedure in that he has not included a table of contents, index of authorities, or a certified or sworn

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

copy of any order complained of or any other document showing the matter complained of. Tex. R. App. P. 52.3. Relator has included a handwritten application for temporary restraining order, but there is nothing on it to certify that this is a copy of the document sent to the district attorney's office.

Even if relator had strictly complied with the procedural requirements, mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law where there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985). A court of appeals may issue a writ of mandamus only against a judge of a district or county court or a judge of a district court who is acting as a magistrate of a court of inquiry under Chapter 52 of the Code of Criminal Procedure. Tex. Gov't. Code Ann. § 22.221(b) (Vernon Supp. 2002). There is no authority for us to issue a writ of mandamus against an official other than the ones prescribed by statute. *See Casner v. Rosas,* 943 S.W.2d 937, 938 (Tex.App.--El Paso 1997, no writ); *Chandler v. O'Neal,* 668 S.W.2d 914, 915 (Tex.App.--Houston [14th Dist.] 1984, no writ). Accordingly, we are without jurisdiction to consider relator's petition for writ of mandamus to issue against the district attorney.[2]

Further, even though relator requests that we compel a district judge to act on his application, the evidence before us shows the application for temporary restraining order

---

[2]Parenthetically, we know of no authority which imposes a duty on the district attorney's office to file an indigent inmate's application for injunctive relief related to the conditions of his incarceration with the district clerk's office or any authority which would prevent an indigent inmate from making that filing himself.

has never been filed.  To be entitled to mandamus relief, a relator must show that a lower court has a legal duty to perform a nondiscretionary act, relator has made a demand for performance, and the lower court refused that request.  *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex. 1979).  Without the application having been filed, there is no showing that the trial court has any current duty to act.

Finally, with respect to relator's criminal complaint which he alleges he previously tried to file with the district attorney, no certified or sworn copy has been provided.  Respondent has provided a copy of the complaint and asserts it has been forwarded to the Office of the Inspector General, Chief of Administrative Support, Huntsville, Texas, and respondent has not yet received a criminal referral.  Relator has requested no relief from this court regarding the complaint, and we will therefore not address it further.  *See* Tex. R. App. P. 52.3(i).

In summary, we conclude that we are without jurisdiction to consider relator's petition for writ of mandamus against the Potter County District Attorney.  The remainder of his petition must be and hereby is overruled.

Per Curiam

Do not publish.

3